# FEBRUARY 23, 1938

H. Y. P. BROUSSARD V. THE STATE.

No. 19173.   Delivered February 23, 1938.

The opinion states the case.

2

*K. W. Stephenson*, of Orange, and *Quentin Keith* and *O. I. Baker*, both of Port Arthur, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for twenty-five years.

It was the theory of the State, given support in the testimony, that appellant assassinated the deceased, Albert Theriot. Appellant's testimony raised the issue of self-defense.

The homicide occurred about 10 A. M. About 8 P. M., on the same day, appellant was taken from the jail and questioned by the district attorney. It does not appear that any statement he made concerning the killing of the deceased was reduced to writing. Over appellant's proper objection, the State elicited from a witness testimony to the effect that appellant stated to the district attorney that at the time he killed deceased he (appellant) was squatted down behind some barrels. Testifying in his own behalf, appellant denied that he made such statement; and, as already stated, gave testimony raising the issue of self-defense. Under the circumstances, the bill of exception reflects reversible error. The purpose and effect of Article 727, C. C. P., is to prevent the prosecution from using against the accused a verbal statement made by him, while under arrest, which the State seeks to use in proving his guilt. Lightfoot v. State, 35 S. W. (2d) 163. Manifestly, the proof in question combated appellant's theory of self-defense and showed a coldblooded assassination. We quote said Article 727, supra, as follows:

"The confession shall not be used if, at the time it was made, the defendant was in jail or other place of confinement, nor while he is in the custody of an officer, unless made in the voluntary statement of accused, taken before an examining court in accordance with law, or be made in writing and signed by him; which written statement shall show that he has been warned by the person to whom the same is made: First, that he does not have to make any statement at all. Second, that any statement made may be used in evidence against him on his trial for the offense concerning which the confession is therein made; or, unless in connection with said confession, he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed. If the defendant is unable to write his name, and signs the statement by making his mark, such statement shall not be admitted in evidence,

unless it be witnessed by some person other than a peace officer, who shall sign the same as a witness."

We think the question propounded to one of appellant's character witnesses, as set forth in bill of exception No. 18, was improper. We quote the question: "And if he [referring to appellant] made a contract with some one for the fur lease and he made a contract and sublet it for a sum of money and then tried to prevent the men who had that lease under him to trap fur on that lease he bought, you wouldn't think that that was the act of a good citizen?" The witness, who had testified on his direct examination that appellant's reputation as a peaceable and law-abiding citizen was good, answered the question we have quoted in the negative. The question related to testimony adduced by the State to the effect that the deceased had stated to a witness that appellant had endeavored to prevent the deceased from carrying out his contract with the appellant. In short, the witness was asked to express his opinion about alleged misconduct on the part of appellant which the evidence showed to have been involved in the very transaction which resulted in the homicide. It is true that a character witness may be asked on cross-examination whether he has heard that the accused had been guilty of specific acts of misconduct. However, questions based on alleged misconduct involved in the very transaction for which the accused is on trial may not properly be propounded to character witnesses for the purpose of testing their sincerity. Appellant's objection to the question should have been sustained.

Other bills of exception relate to the cross-examination of character witnesses. Some of them disclose improper questions. However, in view of our statement in connection with the treatment of the foregoing bill of exception, we deem it unneccessary to discuss said bills in detail.

Bill of exception No. 24 shows that a witness for the State was asked whether appellant's general reputation as a peaceable and law-abiding citizen was good or bad. Appellant's counsel asked permission to interrogate the witness concerning his "source of knowledge." This request was refused. The bill recites that the witness would have testified that he had never heard any person say that appellant's reputation in the respect mentioned was bad. After appellant's request had been refused, the witness testified, over appellant's proper objection, that appellant's reputation as a peaceable and law-abiding citizen was bad. The bill reflects error. The witness was not qualified to speak. A different situation is presented when a witness

testifies that the general reputation of the accused in the respect mentioned is good.

We think upon another trial the court should submit an instruction covering the right of the appellant to continue to shoot as long as it reasonably appeared to him that his life was in danger. If we comprehend the record this issue was raised.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.