### R. D. WEST v. THE STATE.

No. 20523. Delivered November 1, 1939.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is driving an automobile on a public road while intoxicated; the punishment, a fine of $100 and confinement in jail for 30 days.

Officers testified that on the 13th day of November, 1938, they observed appellant enter his automobile and drive away along a street in the City of Coleman at a high rate of speed. They immediately pursued him and forced him to stop. According to their version, they advised appellant that he was driving too fast and finally ordered him out of his car. Appellant resisted and a fight ensued. The officers testified that appellant was under the influence of intoxicating liquor. Testifying in his own behalf, appellant denied that he had been drinking on the occasion in question and denied that he had done anything to warrant his arrest. Appellant introduced several witnesses who testified that they had seen him and talked to him shortly prior to the time of his arrest and that he was not intoxicated.

In rebuttal the State introduced the witness Mary Helen

Ballard, whose testimony was to the effect that she had been with appellant before he was arrested and that he had drunk a quantity of whisky. It was her version that appellant was intoxicated.

Appellant introduced a number of witnesses who testified that his general reputation as a peaceable and law-abiding citizen was good. Some of the witnesses for the State entertained a contrary view and expressed the opinion that appellant's general reputation in the respect mentioned was bad. The issue was closely contested. We mention this in view of the fact that it is our opinion that the error reflected by three of appellant's bills of exception cannot be deemed harmless. The bills referred to will be discussed together.

It appears from bill of exception No. 6 that J. V. Thomas, a witness for appellant, testified on his direct-examination that appellant came into his place of business shortly before the officers arrested him, for the purpose of buying some cigarettes. He talked to appellant and had occasion to observe his demeanor. He did not smell intoxicating liquor on his breath, and expressed the opinion that he was sober. On cross-examination the district attorney asked the witness if he had not heard "of the appellant selling whisky unlawfully in Coleman County." Appellant's objection to the question was sustained and the question was not answered. Upon ·the motion of the appellant the court instructed the jury not to consider such question for any purpose. Nevertheless appellant reserved his bill of exception to the asking of the question on the ground that its prejudicial effect upon the jury could not be withdrawn by an instruction to disregard it.

Bill of exception No. 13 reflects the following occurrence: The State called the sheriff of Coleman County, who, in the presence and hearing of the jury, testified that he had not heard anybody say that appellant's reputation as a peaceable and law-abiding citizen was bad "but he knew that it was of his own knowledge." Upon motion of appellant's counsel the court instructed the jury to disregard· the answer. Nevertheless appellant reserved his bill of exception on the ground that the prejudicial effect of the testimony of the sheriff could not be withdrawn from the jury by the instruction of the court.

Bill of exception No. 14 shows that a State highway patrolman who was called by the State to testify that appellant's general reputation as a peaceable and law-abiding citizen was bad voluntarily stated upon his cross-examination that he had

never arrested appellant himself but he had seen "the docket where he was arrested several times." The court instructed the jury to disregard the testimony of the officer but appellant reserved his bill of exception, taking the position that the evil effect the testimony would have on the minds of the jury could not be withdrawn by the instruction of the court.

Bearing in mind that the issue was closely contested as to whether appellant's general reputation in the respect we have mentioned was good or bad, it is observed that the inadmissible testimony and the implication arising from the improper question propounded to the witness Thomas went into the scales against appellant when his standing in the community as a peaceable and law-abiding citizen was to be weighed by the jury in passing upon his guilt or innocence or the penalty to be assessed against him. Mr. Thomas was not a character witness for appellant and therefore could not be interrogated on cross-examination by the State as to what he had heard concerning specific acts of misconduct on the part of the appellant. It follows that the court was correct in sustaining the objection of the appellant to the question and in instructing the jury to disregard it. However, the implication was strong that appellant had been guilty of selling intoxicating liquor in Coleman County and the jury probably thought that the district attorney would not have asked the question in the absence of knowledge that appellant had been guilty of such misconduct. The sheriff, not having heard the general reputation of appellant discussed, could not properly be permitted to testify that it was bad. His statement that it was bad "of his own knowledge" was clearly inadmissible. It is true that the court properly instructed the jury to disregard such statement. Notwithstanding such instruction, the opinion is expressed that testimony coming from the sheriff of the county, in whom the jurors no doubt had confidence, would not be readily disregarded by the jury although they had been instructed to keep such testimony out of mind. The court was also correct in instructing the jury to disregard the testimony of the highway patrolman to the effect that he had seen a docket showing that appellant had been arrested by others. That such statement was highly prejudicial is obvious. It follows from what we have said that when we consider the three bills of exception together in the light of the entire record we do not feel warranted in saying that the errors reflected in such bills were not calculated to prejudicially affect the rights of the appellant. In this connection it is observed that the penalty as-

sessed against the appellant was considerably more than the minimum. If it should be conceded—and it is not conceded— that the errors we have discussed were not calculated to bring about a conviction, we think that it cannot be said that such errors were not calculated to cause the jury to assess the punishment in excess of the minimum.

Upon another trial we think the court should not permit the State to show that the young lady who had been riding with appellant prior to his arrest to testify that she left him and went home because she was afraid of him when he was drinking. This testimony was elicited by the State. We have been unable to perceive what light it properly shed upon any of the issues involved.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.