JOE WEATHERALL v. STATE.

No. 26,696. February 10, 1954.

*Florence & Florence,* by *G. L. Florence,* Gilmer, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for assault with intent to murder, and his punishment was assessed at two years in the penitentiary.

In view of the disposition we make of this case, it is not necessary to here set out the facts.

Appellant entered a plea of not guilty to the charge in the indictment and filed his application for a suspended sentence, which he supported by proper proof entitling him to a submission of said issue to the jury.

Appellant offered several witnesses who testified that they were acquainted with his general reputation in the community where he resided for being a peaceable and law abiding citizen and that it was good.

The state offered Albert Henderson as a witness who testified that the "reputation" of appellant in the community where he resided for being a peaceable and law abiding citizen was bad. On cross-examination, said witness admitted that his testimony in this regard was not based on anything he had heard from other persons. Appellant's motion to exclude his testimony from the consideration of the jury, and to instruct the jury not to consider it for any purpose, was overruled.

In regard to the proof concerning the general reputation of the accused as a peaceable and law abiding person, we said in Gilson v. State, 140 Tex. Cr. R. 345, 145 S.W. 2d 182:

"A witness who testifies that he knows the general reputation of the accused as a peaceable and law-abiding man should be permitted to testify that such general reputation in that respect is good, notwithstanding such witness states that he has never heard that reputation discussed in the community. See Henderson v. State, Tex. Cr. App., 39 S.W. 116. A different rule pre-

vails where the witness testifies that the reputation is bad. In such event, if the witness states that he had never heard any person say that the reputation of the accused was bad, he is not qualified to speak."

A witness must be shown to be qualified to express an opinion that a person's general reputation for being peaceable and law abiding is bad, before expressing such opinion. West v. State, 137 Tex. Cr. R. 554, 132 S.W. 2d 872; Broussard v. State, 134 Tex. Cr. R. 1, 114 S.W. 2d 248; Ewing v. State, 120 Tex. Cr. R. 137, 49 S.W. 2d 450; Tyler v. State, 46 Tex. Cr. R. 10, 79 S.W. 558; and Branch's Ann. P.C., 117, Sec. 184.

We are of the opinion that the witness Henderson did not show himself sufficiently acquainted with appellant's general reputation in the respect mentioned, and that appellant's motion to exclude said testimony from the jury should have been granted.

Upon another trial of this case, the conclusions of the witness, such as, "He was trying to protect himself" and "He was trying to hide" should be excluded.

The judgment of the trial court is reversed and the cause is remanded.

Opinion approved by the Court.