Carolyn Joanne **CLARK**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46591.

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

Walter K. Boyd, Midland, for appellant.

Carol Vance, Dist. Atty., James C. Brough, Victor A. Driscoll, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Attorney, Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for murder. Punishment was assesed by the jury at twenty years.

The sufficiency of the evidence is not challenged.

At the outset, appellant contends that the record does not reflect that there was a duly authorized judge presiding at the trial of this cause.

■ Appellant urges that the administrative assignment of the Hon. R. W. Williford to the 177th District Court is invalid and does not authorize Judge Williford to try cases in the 176th District Court in which this cause was tried. Arguments advanced by appellant under this contention have been answered adversely to him in recent opinions of this Court. Peach v. State, 498 S.W.2d 192; Gregory v. State, 495 S.W.2d 891; Reed v. State, 500 S.W.2d 137.

Appellant contends that the court erred in overruling his motion for mistrial following a question asked appellant's witness on cross-examination at the punishment stage of the trial.

Mrs. Lessie Broussard testified that she had known appellant "ever since the day she was born," and that appellant had never been convicted of a felony in this or any other state.

On cross-examination, the following question was asked:

"Q. Are you saying you are completely aware of this Defendant's police record?"

Appellant's objection to the question was sustained and the jury was instructed to disregard the question. Motion for mistrial was overruled.

■ The witness' testimony on direct was nothing more than that appellant had never been convicted of a felony in this or any other state. Thus, appellant's reputation had not been put in issue on direct examination. See and cf. Childs v. State, Tex.Cr.App., 491 S.W.2d 907. Even if appellant's reputation had been put in issue, the question would have been improper. Brown v. State, Tex.Cr.App., 477 S.W.2d 617.[1]

■ An instruction to disregard will cure error "except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds." Mays v. State, Tex.Cr.App., 434 S.W.2d 140; see Hopkins v. State, Tex.Cr.App., 480 S.W.2d 212; Guerra v. State, Tex.Cr.App., 478 S.W.2d 483.

■ Did the court's instruction in the instant case cure the improper question?

---

1. In Brown v. State, supra, this Court said: "The general rule is that, as part of its cross-examination, the State is permitted to ask the character witness if he has heard of a specific act of misconduct. However, the State may not ask whether the witness had personal knowledge of the act, nor may the question be framed so as to imply that the act has actually been committed."

Appellant cites Webber v. State, 472 S.W. 2d 136 and Jones v. State, Tex.Cr.App., 479 S.W.2d 307, in urging that the question's harmfulness cannot be cured by the court's instruction. In Webber v. State, supra, this Court concluded that the "fair interpretation" of the prosecutor's question "was to assert as a matter of fact that the appellant had been caught shoplifting" when the witness was asked: ". . . have you heard that Mr. Webber was expelled from Baylor University, when he was caught shoplifting." This Court held in *Webber* that the harmfulness of the question was not cured by the court's instruction to disregard. In Jones v. State, supra, this Court held that where there was no evidence that defendant had been convicted of any offense based on his walking in front of a downtown parade in the nude, admission of three nude photographs of defendant, over objection, at punishment stage of trial constituted reversible error. The complained of question in the instant case, "Are you saying that you are completely aware of this Defendant's police record?," while improper, does not amount to a positive assertion of the commission of another offense as did the question in *Webber* or the exhibiting of the pictures in *Jones*. We conclude that in view of the court's instruction to disregard, the question was not so harmful as to require reversal.

Further, Mrs. Broussard, shortly after the complained of question, offered the non-responsive statement, "I do know for a fact that the only time Carolyn has been in jail and charged with anything is this murder." The witness had previously testified that she had maintained a close relationship with appellant "ever since the day she was born." Thus, the error in asking the question was rendered harmless by the non-responsive statement of the witness. See Rice v. State, Tex.Cr.App., 480 S.W.2d 694; Mahaffey v. State, Tex.Cr.App., 471 S.W.2d 801.

We perceive no reversible error.

Lastly, appellant urges that the trial court erred in admitting the testimony of a witness that appellant's reputation for being a peaceful and law-abiding citizen was bad over the objection that the witness was not properly qualified to state an opinion.

■ Appellant urges that Officer Williams was not properly qualified to testify as to appellant's reputation as a peaceful and law-abiding citizen since Williams admitted that he had not discussed appellant's reputation with anyone. In the presence of the jury Williams testified he knew such reputation of the appellant. The jury was then removed and it was developed that Williams, along with another officer, attempted to arrest appellant on February 12, 1972 for "an aggravated assault upon a police officer"—"a drunken brawl."

Williams testified that it was "quite a brawl" and it was necessary to call for additional police in order to effect the arrest of appellant, and that during the "brawl" a number of neighbors approached him and he engaged in conversation with them. One of those persons who approached the officer identified himself as appellant's common-law husband. Williams' testimony reflects the following encounter:

"He said, 'Let me talk to her.' He said, 'She gets like this a lot.' He said, 'Let me talk to her. I can straighten her out.'"

\* \* \* \* \* \*

"After trying to talk to her and calm her down, he said, 'It is useless.' He said for us to take her to jail.

"She started fighting him, too."

Williams testified that later he had a conversation "about her with the other three officers involved there." Then later he was asked:

"Q Then based upon this knowledge of her, were you able to ascertain her

reputation among the citizens of the community as to her general reputation, including yourself and other officers, her neighbors and members of her family.

"A Yes, sir.

"Q From that were you able to ascertain whether it was good or bad?

"A I ascertained it was bad."

On vigorous cross examination Williams wavered in his testimony, once saying his testimony was based on her actions which he observed, then saying that he had at least talked to her common-law husband about her reputation. The State then argued to the court that what the husband had said "can tell you volumes."

Subsequently, the court permitted Williams to give reputation testimony before the jury.

In Weatherall v. State, 159 Tex.Cr.R. 415, 264 S.W.2d 429, relied on by appellant, the conclusion of the witness that defendant's reputation for being a peaceful and law-abiding citizen was bad was not based on anything he had heard from other persons. In the instant case, the officer-witness, after talking to appellant's common-law husband, had a basis upon which to justify the conclusion that appellant's reputation for being a peaceful and law-abiding citizen was bad. We are not confronted with the difficulty which arises when the officer-witness bases his opinion solely upon a discussion of the alleged offense for which the accused is on trial. See Frison v. State, Tex.Cr.App., 473 S.W.2d 479. While the question is not free from all doubt, we conclude in light of the record that the court was not in error in allowing the witness to express an opinion concerning appellant's reputation for being a peaceful and law-abiding citizen.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.