Cleveland BEECHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 57984.

Court of Criminal Appeals of Texas, Panel No. 2.

May 9, 1979.

\* \* \* \* \* \*

Howard G. Wilson, Mesquite, for appellant.

Henry M. Wade, Dist. Atty., John H. Hagler and Rider Scott, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for murder; punishment was assessed by the court at imprisonment for fifteen years.

Appellant contends that the trial court erred when it excluded the testimony of two defense witnesses regarding the reputation of the deceased for being a man of violent and dangerous character, and when it refused to allow a witness to testify who had violated the rule.

The appellant shot and killed Wade Smith, the deceased, at a service station in Dallas. The deceased's girlfriend, Reater Thompson, testified that she and the deceased and appellant were sitting in the cab of the appellant's pickup when the deceased and appellant began arguing and "cussing" each other. Appellant got out of the pickup and jerked Thompson out of the pickup with such strength that she fell to the ground. Appellant continued to quarrel

with the deceased, and as Thompson got up off the ground she heard a shot and saw that appellant had shot the deceased in the head.

Appellant admitted shooting the deceased, but testified that when he pulled Thompson out of the truck the deceased tried to take the keys out of the ignition switch, hit appellant, and put his hand into his back pocket as though reaching for a weapon. Appellant also testified that two months previously the deceased had pointed a shotgun at him in anger, that earlier on the day of the offense he witnessed the deceased chase a man with a butcher knife, and that he feared the deceased. The trial court charged the jury on self-defense and the use of deadly force to protect movable property.

Appellant called two witnesses, Willie James Allen and Sandy Hankins, to testify as to the deceased's general reputation in the community for being a man of violent and dangerous character. Both testified that the deceased's reputation in that respect was bad. On cross-examination the State elicited from both witnesses that their testimony was not based on what they had heard from the other members of the community, but on their personal knowledge and opinion of the deceased. The State objected in each case and moved to have the witnesses' testimony stricken because they were not qualified as reputation witnesses. The trial court sustained the State's objections and instructed the jury to disregard the testimony of the witnesses regarding the reputation of the deceased. Appellant contends that the witnesses' testimony was admissible to show the deceased's violent and dangerous character.

■ The general reputation of the deceased as a violent and dangerous character and specific acts of violence or misconduct of the deceased which show his violent character are admissible in a homicide case where there is evidence of some act of aggression by the deceased which gives rise to a claim of self-defense on the part of the defendant. *Dempsey v. State*, 159 Tex. Cr.R. 602, 266 S.W.2d 875 (1954); *West v.*

*State*, 154 Tex.Cr.R. 502, 229 S.W.2d 623 (1950); *Henry v. State*, 151 Tex.Cr.R. 284, 207 S.W.2d 76 (1947); *Meeks v. State*, 135 Tex.Cr.R. 170, 117 S.W.2d 454 (1938); 4 Branch's Ann.P.C., 2d ed., Sec. 2238, p. 597. If offered to show the reasonableness of the defendant's claim of apprehension of danger, it must be shown that the acts of violence were known to the defendant at the time of the homicide; if offered to show that the deceased was in fact the aggressor, the witness must know, but the defendant need not have known of the violent acts at the time of the homicide. *Dempsey v. State*, supra; *Lewis v. State*, 463 S.W.2d 186 (Tex.Cr.App.1971).

■ Defense counsel did not inquire into the deceased's violent character by asking the witnesses Allen and Hankins if they knew of specific acts of violence on the part of the deceased. Counsel asked the witnesses if they knew the "general reputation of Wade Smith in the community in which he resided and among those who knew him best for being a man of violent or dangerous character." In order to show that a person's general reputation for peaceableness in the community is bad, it is necessary to qualify the witness by showing that he is acquainted with the person's reputation in the community. See *Weatherall v. State*, 159 Tex.Cr.R. 415, 264 S.W.2d 429 (1954); *West v. State*, 137 Tex.Cr.R. 554, 132 S.W.2d 872 (1939). The reputation testimony cannot be based on the witness' personal knowledge or opinion of the person or the violent acts which the person has committed; it must be based on what the witness has heard from others. It is of necessity hearsay evidence. *Clark v. State*, 500 S.W.2d 469 (Tex.Cr.App.1973); *Sanchez v. State*, 398 S.W.2d 117 (Tex.Cr.App.1965); *Weatherall v. State*, supra, and the cases there cited. And see generally McCormick on Evidence, 2d ed., Secs. 191, 193. The rule that the deceased's violent character can be shown does not dispense with the necessity to properly qualify the witness if the witness' testimony is in the form of reputation testimony. Allen and Hankins were not properly qualified to testify to the

deceased's general reputation in the community for being violent and dangerous. Their testimony as to the deceased's reputation was properly excluded.

 Appellant complains of the trial court's refusal to permit Melvin Hamit to testify regarding the reputation of the deceased, in violation of the rule. The admissibility of testimony of witnesses who have violated the rule is a matter left to the discretion of the trial court. *Barnes v. State*, 520 S.W.2d 401 (Tex.Cr.App.1975); *Carlile v. State*, 451 S.W.2d 511 (Tex.Cr.App.1970). Although the court in its discretion may relax the rule as to character witnesses, see *Alston v. State*, 170 Tex.Cr.R. 17, 338 S.W.2d 723 (1960), it is not error for the court to refuse to allow such witnesses to testify when they have violated the rule. *Pruitt v. State*, 98 Tex.Cr.R. 276, 265 S.W. 695 (1924); *Bowlin v. State*, 93 Tex.Cr.R. 452, 248 S.W. 396 (1923); 1 Branch's Ann. P.C., 2d ed., Sec. 366. The record in this case does not show that the trial court abused its discretion.

The judgment is affirmed.