Santos Ramos NAVARRO, Appellant,

v.

The STATE of Texas, Appellee.

No. 63941.

Court of Criminal Appeals of Texas, En Banc.

Oct. 20, 1982.

Garland D. McInnis, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus and Connie Williams, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

This is an appeal from a conviction of voluntary manslaughter. The appellant and Jose Medina were jointly tried on the charge of murdering Miguel Cervantes. Medina was convicted of manslaughter and sentenced to fifteen years imprisonment. The appellant's punishment was assessed by the jury at twenty years imprisonment in the Texas Department of Corrections.

In two grounds of error the appellant contends that the trial court erred by not permitting him to show specific acts of misconduct by the deceased and by not permitting him to impeach a State's witness on a material point of the witness' testimony.

On February 6, 1978, the appellant was present at the home of Jose Medina where the deceased, Miguel Cervantes, and his brother, Felipe Cervantes, arrived uninvited. After the deceased and Medina began arguing, the appellant suggested that the deceased and his brother leave with him to go get a drink. They went to a local bar and were joined about an hour later by Medina. They then went to another nearby bar, where they began arguing again so loudly that the owner asked them to leave. The appellant and Medina left first and hid behind the building, waiting for the Cervantes brothers to leave. A fight broke out in the parking lot among the four men, and during the fight the appellant fatally stabbed Miguel Cervantes.

The appellant complains that the specific acts of misconduct or violence committed by the deceased as testified to by Jose Medina in a bill of exceptions were not admitted in evidence before the jury. Jose Medina testified for the bill that: he had seen the deceased try to stab another man in a bar; he had seen the deceased use brass knuckles; and he had seen the deceased try to hit his own father. The appellant contends that these specific acts were admissible to show that the deceased was the aggressor.

■ The defense may offer testimony as to any specific act of violence or misconduct which evidences the violent character of the deceased provided that, if offered for the purpose of showing that the deceased was the aggressor, the witness must know, but it need not be shown that the appellant had knowledge, of the acts of violence of the deceased at the time of the homicide. *Dempsey v. State,* 159 Tex.Cr.R. 602, 266 S.W.2d 875 (1954); *Beecham v. State,* 580 S.W.2d 588 (Tex.Cr.App.1979). However, before such evidence is admissible, there must be evidence of some act of aggression by the deceased which the character tends to explain. *Dempsey v. State,* supra.

■ At the time the foregoing testimony was offered there was evidence before the jury that the deceased and his brother had tried to run over the appellant and Medina with their truck, that they both opened their doors and came toward appellant and Medina. Medina also testified that, "Miguel had his knife in his hand and he went straight toward Santos [Navarro]."

In light of the circumstances surrounding the homicide, the prior acts of violence of the deceased are admissible to explain the act of the deceased in coming toward the appellant with a knife. *Wood v. State,* 486 S.W.2d 359 (Tex.Cr.App.1972).

We need not consider the appellant's remaining ground of error. The judgment is reversed and the cause is remanded.