**Manuel GUZMAN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–204–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 29, 1982.

Ramon Garcia, Edinburg, for appellant.

Robert Salinas, Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

A Hidalgo County jury convicted Manuel Guzman of aggravated assault and assessed his punishment at imprisonment for eight years. We affirm.

This case arises from the homicide of Michael Bergeron. On June 25, 1980, he and the appellant engaged in a struggle which led to the stabbing of Bergeron. These wounds proved fatal. The grand jury indicted the appellant for murder and voluntary manslaughter.

At the trial, appellant Guzman and all the witnesses to the struggle testified. The evidence conflicted as to which of the men was the aggressor in the fight. The appellant did admit, however, that he stabbed the deceased.

On appeal, appellant brings forward eight grounds of error. In his first ground, Guzman contends that he is entitled to reversal because of jury misconduct. He refers us to the hearing held on the motion for new trial, which contained testimony that the jurors did discuss parole. Mrs. Eglantina

Elizondo testified that she and the other jurors mentioned that the appellant would probably not serve the entire time. She could not remember whether any actual calculations were made. The record shows that the trial court sent a note to the jury admonishing them to refrain from discussion of the parole law. There is no evidence that they continued their discussion after this instruction.

■ It is misconduct for the jury to discuss the parole law. *Sanders v. State,* 580 S.W.2d 349, 351 (Tex.Cr.App.1979). Whether this misconduct mandates reversal depends upon the particular facts of each case. *Heredia v. State,* 528 S.W.2d 847, 853 (Tex.Cr.App.1975). Testimony that no estimates were made as to the time required to be served is sufficient to support the trial court's denial of a new trial. *Daniel v. State,* 486 S.W.2d 944, 946 (Tex.Cr.App. 1972). A discussion of the parole law, followed by instructions to cease such discussion normally would not be such misconduct as to require a new trial. *Heredia v. State,* supra, at 853.

■ Since there was no evidence showing whether actual calculations were made or otherwise disclosing the content of the jurors' discussions, we believe that the statements concerning parole did not rise to the level of misconduct which would require a reversal. In addition, the absence of a showing that the jury continued to speak of parole after being told by the trial court to refrain leads us to conclude that the trial court's instruction was obeyed. Thus, even if these discussions were error, they would have been cured. The first ground of error is overruled.

■ The second and third grounds of error also deal with jury misconduct. The appellant contends that the jury discussed evidence which was not presented to them at trial. The evidence consists of the failure of the appellant to surrender to the police after the stabbing and the fact of the impending fatherhood of the victim. The record includes testimony that the appellant did not turn himself in to the police on the

twenty-fifth of June (the date of the offense). Thus, this was not receipt of additional evidence. There is no testimony in the hearing on the motion for new trial that Michael Bergeron had a family, so the appellant's second allegation is without support in the record. The second and third grounds of error are overruled.

Guzman proceeds in his fourth ground of error to find another fault with the jury. He claims that one of the jurors could not comprehend English; that she failed to inform him of this fact; and that he was, therefore, deprived of a challenge for cause. Testimony at the motion for new trial hearing reveals that this juror, Anita Bernal, asked that the entire charge be translated into Spanish.

■ Tex.Code Crim.Proc.Ann. art. 35.16 (Vernon Supp.1982), requires that jurors who do not have the ability to read and write are subject to challenge for cause. Fluency in English is necessary to satisfy this provision. *Wright v. State,* 12 Tex.Cr. 163 (1882). Therefore, the appellant was entitled to exclude any jurors who were not proficient in English. The literacy requirement may be waived, however. *Renfro v. State,* 156 Tex.Cr.R. 400, 242 S.W.2d 772, 774 (Tex.Cr.App.1951).

■ During the voir dire in this case, no one questioned the panel about their ability to understand English. The appellant has argued that the practice in Hidalgo County is to screen potential jurors when they report to the Central Jury Room. Although the record reflects that this is indeed the case, it does not relieve the attorneys of their duty to qualify the jurors during voir dire. Moreover, defense counsel in this case was on notice that the initial screening process was not foolproof: two panel members were excused after volunteering the information that their knowledge of English was inadequate. Defense counsel waived any error which may have occurred through Mrs. Bernal's participation on the jury. Appellant's fourth ground is overruled.

In the fifth ground of error, appellant contends that an instruction on provocation improperly limited his self-defense claim. He states that the record is devoid of evidence which would justify the submission of the issue of provocation to the jury. Our review of the jury charge has brought out an additional factor which makes it unnecessary for us to decide the correctness of submitting this issue. The charge instructs the jurors to consider the matter of provocation only in connection with the offense of murder. Since the jury did not convict Guzman of murder but of the lesser offense of aggravated assault, any error in submitting the provocation issue was harmless.

Guzman next claims, in his sixth ground, that the court erred in sustaining the State's objection to his offer of evidence of Mike Bergeron's violent character. The defense attempted to introduce such evidence during cross-examination of a State's witness.

In a homicide case, the general reputation of the deceased as a violent and dangerous character is admissible where there is evidence of some act of aggression by the deceased which gives rise to a claim of self-defense on the part of the defendant. *Beecham v. State,* 580 S.W.2d 588, 590 (Tex.Cr.App.1979). The defense must show either that the acts of violence were known to the defendant or to the witness. *Id.* No such predicate was laid in this case, so the trial court correctly excluded the testimony. Appellant's sixth ground of error is overruled.

The seventh ground of error refers us to a comment made by the district attorney during his final argument. As part of his plea against leniency the prosecution referred to the existence of a widow and child of the victim. The defense promptly objected that this remark was outside the scope of the evidence. The trial court sustained the objection and instructed the jury to disregard the statement.

Ordinarily, any injury from improper jury argument is cured by an instruction to disregard the argument. *Thomas v. State,* 578 S.W.2d 691, 695 (Tex. Cr.App.1979). We must reverse only if the remarks are so inflammatory that the admonition to disregard cannot neutralize their prejudicial effect. *Id.* A simple reference to the existence of a wife and child of a homicide victim is not inflammatory. The curative instruction was sufficient to render the remark harmless. The seventh ground of error is overruled.

In his final ground of error, the appellant complains that certain photographs of the wounds suffered by the victim should have been excluded. He maintains that they were not relevant and were introduced solely to inflame the minds of the jurors. The basis of this argument is that the pathologist who was using the photographs to describe the stab wounds and show the cause of death also used two diagrams. Therefore, he claims that the photographs were unnecessary.

The admission of photographs rests within the discretion of the trial judge. *Terry v. State,* 491 S.W.2d 161, 163 (Tex.Cr.App.1973). If the photograph is relevant to an issue of the trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury. *Martin v. State,* 475 S.W.2d 265, 267 (Tex.Cr.App.1972). Photographs which support observations and conclusions of the pathologist are relevant. *Lewis v. State,* 505 S.W.2d 603, 604 (Tex.Cr. App.1974).

The purpose served by the testimony of the pathologist was to establish that the stab wounds inflicted by the appellant caused the death of Bergeron. To demonstrate that the wounds were of such severity that they were fatal, it was necessary to show both their location and their depth. While the diagrams were sufficient to illustrate the location of the wounds, they did not accurately portray their depth and angle of penetration. Thus, the photographs only tended to show that the wounds were lethal. The eighth ground of error is overruled.

The judgment of the trial court is affirmed.