COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALBERTO ROCHA, | § | |
| | | No. 08-09-00126-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 406th District Court |
| THE STATE OF TEXAS, | § | |
| | | of Webb County, Texas |
| Appellee. | § | |
| | | (TC# 2008-CRS-000108-D4) |
| | § | |

**O P I N I O N**

A jury convicted Appellant of eight counts of sexual assault and five counts of indecency with a child. In two issues on appeal, Appellant complains: (1) that the trial court improperly denied him access to information that was used by a witness to refresh her memory; and (2) that the trial court erred when it failed to declare a mistrial after the State asked an improper question that was harmful to Appellant. We affirm.

*Background*

Appellant was charged with committing sexual assault and indecency with a child upon "Luz," his girlfriend's daughter. When Luz turned fourteen, Appellant first began his multiple sexual assaults upon her, which included penetrating Luz' vagina with his penis. Luz told her mother of these offenses and, after her mother directed her to remain silent regarding Appellant's assaults, Luz proceeded to notify her aunt and the police that Appellant had sexually abused her.

In his first issue on appeal, Appellant asserts that the trial court violated his Sixth Amendment right to confront a witness when it denied him access to an investigatory report that had been prepared and reviewed by Dolores Villa, a Child Protective Services (CPS) investigator, prior

to her trial testimony, in contravention of Rule 612 of the Texas Rules of Evidence. We disagree.

At trial, Ms. Villa, the State's witness, testified regarding her investigation into the alleged sexual abuse of Luz. On cross-examination, Ms. Villa acknowledged that she made handwritten notes to aid in her testimony for trial, and Appellant requested that the notes be produced for inspection. The trial court provided both Appellant and the State with copies of these handwritten notes.

As cross-examination continued, the parties learned that Ms. Villa's handwritten notes were based on her review of the investigative report that she created and stored on her work computer.[1] Outside the presence of the jury, Ms. Villa explained to the trial court and counsel the general contents of her 15-20 page investigative report, much of which Appellant had objected to as hearsay during Ms. Villa's direct testimony. Ms. Villa stated that the handwritten notes she had made from a review of her report were merely made for the purpose of helping her to remember information in response to any questions she would be asked during the trial.

Invoking Texas Rule of Evidence 612, Appellant requested access to the computer information that Ms. Villa referenced in making her notes. The State opposed the request on various grounds, including: (1) most of the investigative report contained inadmissible hearsay evidence that Appellant would not be able to use, including evidence which the State had already elicited and to which Appellant had objected as inadmissible hearsay; (2) Appellant already had opportunities to elicit testimony directly from the witnesses referenced in the investigative report; (3) Appellant already had a copy of the forensic interview which mirrored Ms. Villa's investigative report; (4) Appellant failed to pursue enforcement of the subpoena issued to CPS for production of the

---

[1] On voir dire examination, Ms. Villa testified that she prepared the investigative report in this case for her supervisor's review and approval and the investigative report did not comprise the whole, physical CPS case file, which the trial court did not order her to produce.

complete case file; and (5) the report contained the confidential outcry witness's information and possibly other confidential information that is not subject to release. Appellant countered the State's contentions by asserting that because Ms. Villa had used her investigative report to prepare her notes for trial, he was entitled to review the report pursuant to Appellant's Sixth Amendment right to cross-examine witnesses. Appellant also argued:

> [B]ut in a lot of these cases, the devil is in the detail, and that's part of why we're asking for the notes. I mean, by her own admission, she said there was like 20 pages, possibly, of printouts in this particular case, and the outcry – the outcry that she took from this child, alone, there could be a ton of information there for us to be able to use in our cross-examination of that witness, even though you would not permit her to testify to it because it is hearsay.

The trial court directed Ms. Villa to print the investigative report, redact any information believed to be confidential, and produce copies to the court the next day for its review, and Ms. Villa complied with the court's order. The trial court ruled that the report and the information contained within it were not admissible, noting that Ms. Villa's comments regarding her findings during the investigation were made outside the presence of the jury and "[t]he testimony [before the jury] was limited considerably." In addressing Appellant's objection that a non-disclosure of the report constituted a violation of Appellant's Sixth Amendment right to cross-examine and confront the witness, the trial court said:

> Well, he's able to confront the witness in more than one way. First of all, the witness is here and – that's one way. Secondly, you are able to cross-examine the witness on any relevant and admissible issues that are before the Court or before the jury. And the Court is not limiting you in any type of cross-examination that is relevant and admissible.
>
> . . .
>
> Well, I'm going to hold onto these (indicating). We'll return them to you – well, actually, I'm going to probably seal these. These are copies, anyway; printouts, obviously. If there is anything that the Court determines may be *Brady* –I haven't read through it all. I kind of skimmed through them, through the first few pages –

that will be turned over to the defense. Anything short of that will be sealed for appellate purposes, if necessary.

The trial court then denied Appellant's requests to strike Ms. Villa's testimony and to declare a mistrial. Appellant continued its cross-examination of Ms. Villa.

*Discussion and Application*

The Sixth Amendment of the United States Constitution provides that an accused shall enjoy the right in all criminal prosecutions to confront witnesses. U.S. CONST. AMEND. VI. This right, along with the right to cross-examine witnesses, is made applicable to the States by the Fourteenth Amendment. *Pointer v. Texas*, 380 U.S. 400, 406, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); *Brookhart v. Janis*, 384 U.S. 1, 3-4, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966). In keeping with these constitutional mandates, Rule 612 of the Texas Rules of Evidence provides that when a witness, prior to trial, uses a writing to refresh her memory for the purpose of testifying in a criminal case, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which related to the testimony of the witness. TEX. R. EVID. 612. When it is claimed that the writing contains matters unrelated to the subject matter of the witness's testimony, the trial court must examine the writing *in camera*, excise the unrelated portions of the writing, and order the remainder to be delivered to the party entitled thereto. *Id.* Any portion of the writing that is withheld over objections shall be preserved and made available to us in the event of an appeal. *Id.*

While Rule 612 indicates that an adverse party is entitled to writings used to refresh a witness's memory for the purpose of testifying, the Court of Criminal Appeals, in *Robertson*, held that a trial court's failure to admit such writings is subject to a harmless error analysis. *Robertson v. State*, 871 S.W.2d 701, 709 (Tex. Crim. App. 1993), *cert. denied*, 513 U.S. 853, 115 S.Ct. 155,

130 L.Ed.2d 94 (1994) (analyzing former Rule 611 [now Rule 612]); *Powell v. State*, 5 S.W.3d 369, 381-82 (Tex. App. – Texarkana 1999, pet. ref'd), *cert. denied*, 529 U.S. 1116, 120 S.Ct. 1976, 146 L.Ed.2d 805 (2000); *see also De la Rosa v. State*, 961 S.W.2d 495, 497 (Tex. App. – San Antonio 1997, no pet.). When, as here, the trial court does not admit the records, we determine whether that error contributed to an erroneous judgment or sentence. *Robertson*, 871 S.W.2d at 709; *De la Rosa*, 961 S.W.2d at 497-98. Because evidence admitted under Rule 612 is admitted for the purpose of impeaching the testifying witness, not for its substantive value, the requesting party must demonstrate that the statement has impeachment value. *Robertson*, 871 S.W.2d at 709; *De la Rosa*, 961 S.W.2d at 498.

Ms. Villa produced for the trial court both the investigative report and the handwritten notes she made from the report. The trial court disclosed Ms. Villa's handwritten notes to Appellant but sealed Ms. Villa's investigative report upon declaring it to be inadmissible. We have reviewed both the sealed documents as well as Ms. Villa's trial testimony. Our review shows that the evidence in Ms. Villa's investigative report was consistent with and did not contradict Ms. Villa's trial testimony. As a result, the investigative report had no impeachment value. We therefore find that the trial court's exclusion of the report did not contribute to Appellant's punishment and was harmless. *Robertson*, 871 S.W.2d at 709 (holding that trial court's erroneous refusal to admit writings relied on by a testifying expert to refresh his memory for trial was harmless because the report did not contradict testimony and, consequently, had no impeachment value); *Powell*, 5 S.W.3d at 381-82 (error in providing defendant a copy of the witness's offense report was harmless because the report was entirely consistent with the witness's testimony); *see also De la Rosa*, 961 S.W.2d at 497 (error in excluding witness's written statement to police, which contradicted his trial testimony, was harmless under Texas Rule of Appellate Procedure 44.2(a) and (b) because the

contradictory portions of the statement were read aloud to jury). We overrule Appellant's first issue.

In his second issue on appeal, Appellant asserts that the State's question, "So does [Appellant] sexually abuse all his children, then?" was an improper question which required a mistrial. We disagree.

*Background*

Appellant's sister, Graciela Rocha, was called as a character witness by Appellant. During cross-examination, the prosecutor noted that Ms. Rocha testified on direct examination that Appellant was good with his children. The following then occurred:

Prosecutor: You never mentioned his stepchildren. So you have no idea, isn't it true, how he was with his stepchildren, correct?

Ms. Rocha: He's the same with everybody.

Prosecutor: Okay. So does he sexually abuse all his children, then?

Appellant objected to the State's question as being improper, asked the trial court for a curative instruction, which was granted, and moved for a mistrial, which was denied.

*Discussion and Application*

We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). A trial court may declare a mistrial when an error occurs that is so prejudicial that the expenditure of further time and expense would be wasteful. *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). Generally, any error in asking an improper question is cured or rendered harmless by an instruction to disregard. *Ransom v. State*, 789 S.W.2d 572, 585 (Tex. Crim. App. 1989); *Torres v. State*, 92 S.W.3d 911, 918 (Tex. App. – Houston [14th Dist.] 2002, pet. ref'd). A court will rarely reverse a conviction due to an inappropriate question asked during trial. *Ransom*, 789 S.W.2d at 585. A grant of a motion for

mistrial should be reserved for those rare cases in which an objection could not have prevented, and an instruction to disregard could not cure the prejudice stemming from an event at trial, that is, where an instruction would not enable the jury to continue the trial fairly. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004).

According to Appellant, the State's question asserted a fact that was so harmful to him as to be incurable, thus requiring the trial court to grant his request for a mistrial. We disagree.

We find that although the State's question was argumentative, it did not amount to a factual assertion that Appellant was or had been sexually assaulting all of his children. *Carey v. State*, 537 S.W.2d 757, 759 (Tex. Crim. App. 1976) (prosecutor's question that improperly suggested defendant committed other offense was not so harmful that it could not be cured by the court's instruction to disregard); *Clark v. State*, 500 S.W.2d 469, 470-71 (Tex. Crim. App. 1973) (error in asking witness, "Are you saying you are completely aware of this Defendant's police record?" was harmless because the improper question did not amount to a positive assertion of another offense). Here, the trial court reasonably concluded that the State's question was not so inflammatory as to be incurable by an instruction to disregard, which the trial court granted upon Appellant's request. *Ransom*, 789 S.W.2d at 585. Finding that the trial court did not abuse its discretion, we overrule Appellant's second issue.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

July 28, 2010

Before Chew, C.J., Rivera, J., and Larsen, J.

Larsen, J., sitting by assignment

(Do Not Publish)