**Opinion issued October 4, 2012.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-10-00988-CR**

_____

**BRANT DESHAWN SCOTT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 09DCR051012**

**MEMORANDUM OPINION**

Appellant, Brant Deshawn Scott, pleaded not guilty to the third-degree felony offense unlawful possession of a controlled substance, namely, cocaine weighing less than one gram, in a drug-free zone (an area within 1,000 feet of

school premises). *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(a), (b), 481.134(d) (West 2010). A jury found Scott guilty, and Scott pleaded true to two felony enhancement paragraphs. The trial court sentenced Scott to twenty-five years' confinement. On appeal, Scott contends that the trial court erred in finding that a juror was qualified to serve on the jury. We conclude that Scott waived any objection to the juror because he failed to raise the issue in the trial court. We therefore affirm the judgment of the trial court.

## Background

In December 2008, after discovering that Scott had an outstanding warrant, officers arrested Scott near a school. During a search incident to Scott's arrest, one of the officers found cocaine in Scott's pants; the State subsequently charged Scott with the offense of unlawful possession of a controlled substance in a drug-free zone.

The trial court conducted voir dire in October 2010 to select the jury for Scott's trial. Shao Yu was one of twelve people selected from the venirepanel to serve on the jury. After the trial court completed voir dire and impaneled the jury, Yu wrote a note to the bailiff, which read:

2

*Dear Officer:*

*I think I am not qualify for jury duty due to my limited English ability. Hopefully it is not too late to let you know.*

*Sincerely*
*Shao Yu*

After the bailiff notified the trial judge about the note, the judge questioned Yu on the record. Yu expressed a concern that he might come not be able to understand unfamiliar legal topics. The trial court noted that Yu had attended college for two years and was currently employed. Yu responded that his job was concerned mainly with pipelines and did not require him to be proficient in English. The trial court also observed that Yu appeared for jury service in response to a summons written in English and was able to write a note to the bailiff in English. Yu confirmed that he was able to understand conversational English and would be able to listen to witnesses testifying in English. To assuage Yu's concerns, the trial court informed Yu that if someone was speaking too quickly during the trial, Yu could raise his hand, and the judge would tell the person to speak more slowly and clearly. The trial court allowed Yu to remain on the jury.

During voir dire, neither party questioned members of the venire panel about their English abilities. During the hearing that took place in response to Yu's note, neither party raised an objection regarding Yu's qualifications or the trial court's decision to allow him to remain on the jury. The trial proceeded with Yu on the

jury.

## Discussion

Scott contends that Yu was not qualified to sit on the jury, citing article 35.16 of the Code of Criminal Procedure, which provides, "[a] challenge for cause is an objection made to a particular juror, alleging some fact which renders the juror incapable or unfit to serve on a jury." TEX. CODE CRIM. PROC. ANN. art. 35.16(a) (West 2006). A party may challenge a juror for cause if "the juror cannot read or write." *Id.* art. 35.16(a)(11). It is undisputed, however, that neither party challenged Yu for cause.

Scott further contends that Yu's limited English skills rendered him disabled under article 36.29 of the Code of Criminal Procedure, and the trial judge should have excused him from sitting. Twelve jurors must unanimously render a verdict in a felony case. TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West 2006). But if a juror is disabled from sitting, as determined by the judge, the jury can render the verdict with less than the whole number. *See id.* Scott claims that, because Yu was disabled from sitting on the jury, the remaining eleven qualified jurors were required to sign the unanimous verdict and should have been instructed to do so in the jury charge. *See id.* Scott, however, did not object to Yu remaining on the jury, nor did he complain that Yu was disabled from sitting.

The failure to timely assert a challenge under article 35.16 against a

4

prospective juror waives the complaint on appeal. *Jackson v. State*, 548 S.W.2d 685, 697 (Tex. Crim. App. 1977). With three exceptions not applicable here, article 35.16(b) provides that any ground for a challenge for cause may be waived. TEX. CODE CRIM. PROC. ANN. art. 35.16(b). The literacy qualification thus can be waived when a party accepts the juror without challenge. *See Guzman v. State*, 649 S.W.2d 77, 79 (Tex. App.—Corpus Christi 1982, no pet.) (citing *Renfro v. State*, 242 S.W.2d 772, 774 (Tex. Crim. App. 1951)). Similarly, a complaint that a juror is disabled from sitting under article 36.29 can be waived on appeal if no objection is made in the trial court. *See Lopez v. State*, 261 S.W.3d 103, 108 (Tex. App.— San Antonio 2008, pet. ref'd) (holding that defendant waived complaint because he failed to raise the complaint in the trial court).

Scott raised no objection to Yu during the trial. He did not challenge Yu for cause during voir dire, nor did he question any prospective jurors during voir dire about their English proficiency. *See Abney v. State*, 1 S.W.3d 271, 274 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) ("By failing to make an initial inquiry into whether the members of the panel could understand English, appellant has waived any error."). Scott also did not object to Yu's qualification to serve after the trial court questioned Yu. The trial continued with Yu serving as a juror. Because Scott first raised his objection to Yu in his brief on appeal, we hold that his complaints are waived.

**Conclusion**

Scott waived his challenge to Yu's juror qualifications and his complaint that Yu was disabled from sitting on the jury because he failed to raise the issue in the trial court. We affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).