**Affirmed as Modified; Opinion Filed November 4, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01245-CR

### JOSE ALFARO, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1200983-P**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Fillmore, and Justice Stoddart
Opinion by Justice Stoddart

A jury convicted Jose Alfaro of murder and sentenced him to 55 years' confinement. In a single issue, Alfaro asserts the trial court abused its discretion by admitting hearsay evidence at the punishment phase of trial. In a single cross-issue, the State argues the judgment should be modified to reflect the $10,000 fine assessed by the jury. We modify the judgment and affirm as modified.

FACTUAL BACKGROUND

During the punishment phase of Alfaro's trial, the State offered testimony from Dallas Police Officer Edward Tena. When he worked in the Gang Unit for the police department, Tena would gather intelligence about gangs and their members. He became familiar with a gang called North Side Locos. Alfaro was a member of the North Side Locos. When asked about Alfaro's reputation in his neighborhood, Tena testified that "most people are very fearful of him.

He was very good at intimidating people." Tena worked on "a number of different offenses where [Alfaro's] name would constantly come up and people would be basically scared to say anything."

At trial and on appeal, Alfaro argues that Tena's testimony is hearsay testimony that extends beyond general reputation evidence and contains unproven allegations of specific criminal acts. Alfaro asserts the trial court erred by overruling his objections to the testimony.

LAW & ANALYSIS

A.    Admission of Evidence

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to any guiding rules or principles. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993). The trial court does not abuse its discretion unless its determination lies outside the zone of reasonable disagreement. *Martinez*, 327 S.W.3d at 736.

During the sentencing phase of trial, the trial court has broad discretion to admit evidence the court deems relevant, including evidence of the defendant's reputation or character. TEX. CODE CRIM. PROC. ANN. art. 37.07 §3(a) (West Supp. 2014); *Ho v. State*, 171 S.W.3d 295, 305 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Evidence of a defendant's gang membership is relevant because it relates to character. *Beasley v. State*, 902 S.W.2d 452, 456 (Tex. Crim. App. 1995); *Ho*, 171 S.W.3d at 305; *Hickman v. State*, No. 05-10-01250-CR, 2013 WL 3947140, at *2 (Tex. App.—Dallas July 29, 2013, no pet.) (mem. op., not designated for publication).

Although Alfaro argues Tena's statements were improperly admitted because they were "out-of-court statements of others that reflect unproven allegations of specific criminal acts," we disagree. Tena did not testify to any unproven allegations of specific criminal acts. Rather, Tena

–2–

testified about Alfaro's reputation in his community—that people were intimidated by and fearful of him. Reputation testimony cannot be based on a witness' personal knowledge or opinion of the person or the violent acts the person committed. It must be based on what the witness has heard from others. *Beecham v. State*, 580 S.W.2d 588, 590 (Tex. Crim. App. [Panel Op.] 1979). Accordingly, we conclude the trial court did not abuse its discretion by overruling Alfaro's objections to testimony that fell within the permissible bounds of article 37.07, section 3(a). We overrule Alfaro's sole issue.

**B.     No Harm**

Even if we were to conclude the trial court abused its discretion by overruling Alfaro's objections to Tena's testimony, we would conclude Alfaro was not harmed. The erroneous admission or exclusion of evidence is nonconstitutional error. *Walters v. State*, 247 S.W.3d 204, 221 (Tex. Crim. App. 2007). Under rule 44.2(b), we disregard nonconstitutional error that does not affect the substantive rights of the appellant. *See* TEX. R. APP. P. 44.2(b); *Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002). Substantial rights are not affected if, based on the record as a whole, we have a fair assurance that the error did not influence the jury or had but a slight effect. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

After reviewing the record, we conclude the complained-of testimony was not substantial or injurious. The testimony elicited from witnesses showed Alfaro was active in his gang and had a history of criminal activity. Tena also testified about Alfaro's tattoos that identified him as a member of the North Side Locos. She stated the gang was involved in robberies, kidnappings, murders, assaults, and aggravated assaults.

Alfaro's juvenile probation officer testified about his prior criminal activity. When Alfaro was thirteen years old, he was placed on probation for, among other things, committing aggravated assault with a deadly weapon. Three months later, the court concluded he violated

his probation by possessing a handgun and he was placed into custody of the Dallas County Youth Village. Alfaro subsequently violated his probation by committing an assault causing bodily injury, failing to produce identification after damaging property, and violating curfew. Eventually, Alfaro was removed from a residential drug treatment center for failure to comply with the rules of the facility and for aggressive behavior. His juvenile probation officer testified his problems were partially a result of living a "gang lifestyle" and being part of a "gang culture."

The State also presented testimony from the daughter of Alfaro's victim, who told the jury about how difficult her father's death was for her family.

After reviewing the entire record, we would conclude Alfaro was not harmed by Tena's testimony.

## C. Modification of Judgment

In a single cross-issue, the State asserts the record reflects the jury assessed a $10,000 fine as part of Alfaro's punishment and the judgment should be modified to include the fine. The verdict form shows the jury assessed punishment for 55 years' imprisonment and a fine of $10,000. The trial court read the verdict, including the $10,000 fine, aloud in court with Alfaro present.

This Court has the power to correct a clerical error on a judgment to reflect what occurred in the trial court as shown by the record. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc).

Because we have the necessary information to correct the judgment, we modify the judgment to reflect the $10,000 fine that was orally pronounced.

CONCLUSION

We modify the trial court's judgment to reflect the $10,000 fine that was orally pronounced. As modified, we affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
141245F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

JOSE ALFARO, Appellant

No. 05-14-01245-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1200983-P.
Opinion delivered by Justice Stoddart.
Chief Justice Wright and Justice Fillmore
participating.

       Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that appellant Jose Alfaro was assessed a $10,000 fine. As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 4th day of November, 2015.