## ED ROCH v. THE STATE.

### No. 3997.   Decided May 19, 1909.

### Rehearing Denied June 23, 1909.

**1.—Assault to Murder—Statement of Facts—Certificate—Practice on Appeal.**

Where upon appeal the appellant filed a motion for rehearing, attaching proper certificate of the clerk showing that the statement of facts had been filed in time, the same will be considered on appeal.

**2.—Same—Evidence—Animus of Defendant.**

Upon trial for assault to murder there was no error in admitting in evidence a statement made by the defendant some two years before the commission of the offense, to the effect that if the injured party had come to his, defendant's, house he would have taken down his shotgun and shot him.

**3.—Same—Evidence—Threats.**

Where upon trial for assault to murder the State attempted to introduce certain threats by defendant against the injured party made more than a year prior to the offense, and then upon objection of defendant withdrew the same, the court instructing the jury not to consider said testimony, there was no error.

**4.—Same—Evidence—Criminal Intent.**

Upon trial for assault to murder there was no error in admitting in evidence testimony that the defendant heard the cries of the injured party, whom he had shot a short while before, and did not go to his assistance.

Appeal from the District Court of Comanche.   Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of aggravated assault; penalty, a fine of $400.

The opinion states the case.

*C. T. Wilkinson* and *Calloway & Calloway,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of an aggravated assault and his punishment assessed at a fine of $400.

This is the second appeal of this case.   For former appeal see 52 Texas Crim. Rep., 48.

The Assistant Attorney-General files a motion to strike out the statement of facts on the ground that same was not filed in the court below.   The motion is sustained, the record showing the accuracy of the insistence.   In the absence of statement of facts there is nothing in this record authorizing a review, and the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### June 23, 1909.

BROOKS, JUDGE.—This case was affirmed on a previous day of this term on the ground that the record did not show a statement

of facts properly certified to. Appellant files a motion for rehearing attaching proper certificate of the clerk showing said statement of facts was filed in time.

Bill of exceptions No. 1 shows that while C. H. Simpson, a witness for the State, was on the stand, he was asked by counsel for the State to detail a conversation which he had with defendant in December, 1905, to which testimony defense counsel objected for the reason that said testimony was irrelevant, incompetent and immaterial in that the events and matters to be related by the witness were too remote, and threw no light on the controversy and difference between prosecutor, T. J. Hanson, and the defendant on the morning of the shooting, and could only serve to prejudice the minds of the jury against defendant. The objections being overruled, the witness testified: "I was over at Ed Roch's house one day on Christmas eve day, 1905, and somehow or other Hanson's name was mentioned and defendant said that he had taken part of his wire away from his fence, and that his calves were getting into Hanson's field, and that Hanson sent one of his boys down to tell him, defendant, to keep them out, and said that if he, Hanson, had come down himself he would have just taken his gun down and shot him." This testimony was admissible to show animus on the part of appellant toward the injured party.

Bill of exceptions No. 2 shows that the State asked the witness Jess McGuire to detail a conversation which he had with defendant a year or more prior to the shooting of T. J. Hanson by defendant, to which testimony counsel for defendant objected for the reason that same was irrelevant, incompetent and immaterial in that the events and matters to be related by the witness were too remote. The objection being overruled, said witness was permitted to testify that on one occasion a year or more prior to said shooting, the defendant had told him, witness, that defendant's son-in-law and some other party were sometime theretofore in a colloquy down in the field, and that he, defendant, saw Hanson going down towards where the parties were, and that he, defendant, got his gun and went down that way with the intention of shooting Hanson if he interfered or took any part in the difficulty; that thereupon defendant renewed said objections to said testimony, and requested the court to withdraw same from the jury. The bill is approved with this statement: "The witness Jess McGuire was introduced by the State as a witness and was asked a question with reference to Roch making some threats against Hanson, and as the witness was answering, the State withdrew the question, and stated to the court that the State did not think the evidence admissible, and the witness had only partially answered the question when it was withdrawn and the court excluded the question and excluded the answer of the witness, and at the time instructed the jury that the same was not evidence and to not consider

the answer of the witness for any purpose." Clearly in the light of this explanation there is no reversible error shown.

Bill of exceptions No. 3 shows that when defendant was on the stand State's counsel asked him the following question: "You heard him in agony down there, and you were up there smoking cigarettes, and did not go down to see whether he was dead or alive?" Appellant objected to the question for the reason that said testimony was irrelevant, incompetent and immaterial. The objections being overruled, appellant answered the question as follows: "I was not running a Red Cross business; his own folks were down there with him I had a perfect right to smoke if I wanted to. I thought it was none of my business to go out there; his own people were out there. I did not go out there at all." The court controverts this bill of exceptions by a long qualification, but we see nothing in the bill itself that is not admissible testimony. It shows a disregard of social duty and a criminal indifference to the cries of a party that appellant a short while before had shot. The same may be said of bill of exception No. 4.

We have carefully reviewed all of appellant's bills of exception found in this record. The statement of the facts will be found in the original case. There is no error in this record authorizing a reversal of the judgment, and the motion for rehearing is overruled.

*Overruled.*