### VANCE WEST V. STATE.

No. 24531. April 12, 1950.

A. N. Steinle, Frank W. Steinle, Jourdanton, and Morriss, Morriss, Boatwright & Lewis, (by Will A. Morriss) San Antonio, for appellant.

John F. May, District Attorney, Jourdanton, and George P. Blackburn, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Vance West was convicted for murder without malice and assessed a penalty of five years in the penitentiary.

Appellant had operated a cafe in Bandera in partnership with Bink West, the deceased, and another party named Morse. Bink West was the manager, at a salary of $300.00 per month, and was assisted by a friend of his, generally called "Gunner" High. This partnership lasted only a few months during which time there is evidence of many differences of opinion, which culminated in appellant and Morse buying the interest of Bink West. The contract of sale was made and checks passed to him. Deceased was permitted to remove his personal belongings from the place of business, which consisted of his desk and other articles. This was done a short while before the killing. Deceased and High remained in the place, however, where they occupied a table with customers and were drinking.

A difficulty arose between appellant and High, from which appellant anticipated further trouble. He called for a friend in another cafe to come down to be with him. He procured a rifle from his home. As he returned to the place of business, known as the Silver Dollar, he stopped by the residence of the sheriff and induced him to accompany appellant back to the cafe where the shooting occurred. The many details of what happened in the main dining room immediately thereafter will not be reviewed. Eventually appellant and the sheriff repaired to a side room, which also appears to have been a part of the restaurant. High went to the room and a difficulty arose in which appellant struck High several times. The sheriff succeeded in quelling this disturbance which brought a great many people to the room, among them being deceased. According to appellant's testimony, deceased cursed and threatened appellant because of his attack on High. While the evidence is confusing, as might be expected, it is without dispute that appellant grabbed the sheriff's pistol from his holster and, as he did so, the sheriff grabbed his hand and they were engaged in a struggle over possession of the pistol when it was fired twice. Both bullets struck the deceased as he was turning and leaving the room. Appellant declares that the pistol was fired accidentally. He says that it was an automatic pistol and that he did not know that at the time. Contrary to this, the statement made the next morning by appellant was introduced in evidence to the effect that he just got mad; grabbed the pistol and shot the deceased. Bink West got away from the building and fell on the sidewalk a short distance away. There he was picked up and carried to the hospital and soon died. Immediately after the shooting the sheriff recovered his pistol

and took the appellant away. He turned him over to an attorney who was present, while he went to see about the deceased.

It is appellant's testimony that he grabbed the pistol from the sheriff's holster because he feared that the deceased was turning to get a pistol which he knew deceased generally kept at a place just a few feet from where he was standing. He also expected High to return with a pistol. He said he wanted the pistol to protect himself in case an attack should be made on his life, as he verily expected immediately. He denies that he shot on purpose; denies that he even saw the deceased at the time the shots were fired; but during the trial he availed himself of other defenses, which will not be discussed.

We glean from the very lengthy statement of facts and appellant's brief in the case two questions of primary importance. The first is raised by reason of the court's charge in response to his evidence of accidental discharge of the pistol. The charge is in the following language:

Paragraph 15. "Homicide is excusable when the death of a human being happens by accident or misfortune though caused by the act of another *who is in the prosecution of a lawful object by lawful means.*" (Emphasis added.)

Paragraph 16. "In that connection, if you believe from the evidence, or if you have a reasonable doubt thereof, that the defendant, Vance West, grabbed the pistol in question from Sheriff Burns' holster *not to shoot Bink West but to protect himself from danger, as viewed from his standpoint at the time,* and that in and on account of the scuffle between himself and the sheriff over possession of the gun the same was accidentally discharged, you will acquit the defendant and say by your verdict not guilty."

The objection is directed to the restriction placed on his rights, in the question involved, by the use of the phrase "who is in the prosecution of a lawful object by lawful means," and also the restriction following this in Section 16. The contention is based on his right to an acquittal regardless of whether or not he was in the prosecution of a lawful object by a lawful means. In other words, it is presented that independent of any right of self-defense, and even though he was attempting to secure the pistol for the purpose of shooting the deceased without cause, he would not be guilty of murder if the gun was accidentally discharged. In his brief he says: "No matter what he originally grabbed the pistol to do, lawful or unlawful, if

thereafter in a struggle with the sheriff the pistol was fired unintentionally and accidentally and the deceased was thereby accidentally killed without specific intent, his original grabbing of the pistol for whatever purpose will be immaterial." It is contended that the phrase quoted from the charge destroys and abrogates the right of defendant to have his defense on the claim that the killing was an accident.

Appellant duly excepted to the charge and submitted a requested charge presenting the defense in accordance with the contention herein set forth and he relies on the case of Harris v. State, 101 Tex. Cr. R. 33, 274 S. W. 568.

In the Harris case the court had for consideration a charge in the following language:

"You are further charged that homicide is excusable when the death of a human being happens by accident. Therefore, if, at the time the defendant drew the pistol, he did so with no intention to shoot the witness O. C. Moore (Whitechile) or the deceased, Williams, and in drawing his pistol it was discharged accidentally or unintentionally, and thereby killed the deceased, Williams, or if you have a reasonable doubt thereof, you will acquit the defendant, and say by your verdict, 'Not guilty.'"

It appears to us that the identical question raised in the instant case was before the court in the Harris case. The court then said that the charge should have been framed in keeping with the law as laid down in McPeak v. State, 80 Tex. Cr. R. 50, 187 S. W. 756.

It appears, therefore, that the Harris case, supra, is controlling unless we should conclude that it was in error and that it should be overruled. This we are reluctant to do.

In the early case of Lankster v. State, 56 S. W. 65, Presiding Judge Davidson had the question before him. While the question discussed arose in a little different manner, we think that his holding in the Lankster case is properly relied upon in the McPeak case, which is also an opinion by Judge Davidson.

In Mr. Branch's work on the Criminal Law of Texas, Section 503, Accidental Homicide, we find a discussion of a great many cases, none of which seem to be in conflict with the holdings of the court in the McPeak and Harris cases, supra. See also 22 Texas Jurisprudence p. 1000, Sec. 275.

We think the evidence raised the question of accidental killing which should have been presented in an affirmative manner, untrammeled and without complication with other issues in the case. The matter was timely presented to the court and his failure to respond to the objection raised constitutes error which will require a reversal of the case.

The next question which we desire to discuss is that raised by Bill of Exceptions No. 24, which complains of the ruling of the court in sustaining the state's objection to evidence offered by appellant as to the general reputation of deceased "as being quick-tempered; quick to fight; quick to start trouble; a man of high temper and quarrelsome when drinking; and a man of violent temper and quick to fight when he was drinking."

As we understand the voluminous discussion, which, because of its length if for no other reason, presents a very difficult question, it is that while he was permitted to prove certain phases of the enumerated characteristics as known to the people of Bandera, and which had been conveyed to the appellant prior to the homicide, he was refused the right to prove by witnesses who had known deceased in Houston—prior to the time that appellant knew him in Bandera. His reputation in Houston was not known to appellant at the time of the shooting. Appellant relies on Henry v. State, 151 Tex. Crim. Rep. 284, 207 S. W. 2d 76.

While the writer did not accede to the conclusion reached in the Henry case, it is necessarily considered the law. If the appellant be correct in his contention that the facts of the instant case come within the Henry case, supra, then we must hold that Bill of Exceptions No. 24 also shows error.

The state's brief cites a number of cases in support of its contention that the rule laid down in the Henry case is applicable only where the deceased, or person assaulted, is shown to be at the very time of the shooting manifesting an intention to inflict violence on the defendant. It is then pointed out that under appellant's own testimony the deceased was fleeing from the room at the time the shots were fired. Judge Graves, who wrote the opinion in the Henry case, concurs in the view expressed in the brief for the state. The following cases were cited by the state's attorney: West v. State, 18 Crim. App. 640; Hudson v. State, 6 Crim. App. 565; Spences v. State, 59 Tex. Cr. R. 217, 128 S. W. 118; Roch v. State, 52 Tex. Cr. R. 48, 105 S. W. 202, 120 S. W. 448; Connell v. State, 45 Tex. Cr. R. 142, 75 S. W. 512;

Id. 46 Tex. Crim. R. 259, 81 S. W. 746; Evers v. State, 31 Tex. Cr. R. 318, 20 S. W. 744, 18 L.R.A. 421.

In the state of the evidence in the instant case a distinction is here made between the question now before us and that decided in the Henry case, supra.

The record in this case contains fifty-three bills of exception. No one could conceive of the necessity that we write on all of them. Many of these are directed to argument, remarks, and other incidents of the trial which would likely not occur again. We have given no consideration to the merit of these questions. All others have been reviewed by the court and we do not consider them of importance sufficient to require a discussion, in view of what we have said on the two matters upon which we have written. They do not show reversible error.

For the reason stated, the judgment of the trial court is reversed and the cause is remanded.

ON STATE'S MOTION FOR REHEARING.

GRAVES, Judge.

Our attention has been called to the fact that in our original opinion we erroneously stated that two shots were fired by appellant into the body of the deceased. In this we were in error. There was but one shot fired from the pistol, making an entrance wound, as well as an exit wound. The original opinion is corrected to show but one shot fired.

We are of the opinion that the objected to charge should have been limited to one defense and not necessarily demanding disbelief upon the part of the jury of appellant's plea of self-defense before they could consider the testimony relative to an accidental shooting. Proof of either defense satisfactory to the jury would have been sufficient upon which to base an acquittal, and either defense could have been considered by them without having first disposed of the other. For instance, an acquittal could have been had on the theory of self-defense, and the theory of accident need not have been passed upon; and again, an acquittal could have been held on the theory of accident without passing upon the self-defense portion of such transaction. We do not think the cases cited to us by the state are in opposition to the views herein expressed.

We think the case of Massie v. State, 153 Tex. Cr. R. 116,

217 S. W. (2d) 1001, to be in point herein. It is said in 24 Tex. Jur. p. 535, sec. 65, "that the accused should have his theory presented pertinently, plainly and affirmatively, untrammeled by unfavorable conditions." See McPeak v. State, 80 Tex. Cr. R. 50, 187 S. W. 754, supra.

We adhere to the views expressed in our original opinion, and the motion for rehearing is therefore overruled.