**Katie Lee LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43438.**

Court of Criminal Appeals of Texas.

Feb. 17, 1971.

Barbara C. Crampton, Wichita Falls, for appellant.

Jim Phagan, Dist. Atty., Wichita Falls, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder with malice. The jury assessed the punishment at 15 years.

The record reflects that the appellant stabbed and killed Walter Russell, on December 23, 1968. Hazel Williams testified that she was acquainted with the appellant, and that on the day in question, she and the appellant left her house together. As they were walking along the 200 block of Walnut Street, they were approached by the deceased. The appellant and the deceased began quarreling over a coat, which the deceased wanted and claimed was his. The appellant refused to give him the coat, and asked the deceased for a drink of wine from the wine bottle he was carrying.

Hazel Williams further testified that she tried to break up the quarrel by pushing them apart. She testified that neither party hit the other, but that the appellant "came out of her bosom with a knife," and that the deceased had made no threatening gestures. The appellant then stabbed the deceased in the chest.

Appellant's third ground of error concerns the trial court's refusal to admit certain evidence that tended to show the violent character of the deceased. The appellant had attempted to introduce this evidence to show that the deceased was the aggressor.

The excluded evidence would have shown the following: (1) That the deceased normally carried an 8-inch long switchblade knife; (2) That the deceased engaged in many acts of violence at a bar, some on occasions when the appellant was not present; (3) That the deceased had once been found waiting in a stairway, threatening to kill the appellant. This evidence was excluded because there was no evidence that the appellant was aware of these incidents.

The appellant's confession was introduced into evidence. It contained the following sentences: "We walked on down Walnut Street and Walter was still fussing with me. About the middle of the block, Walter hit me with his fist."

The court instructed the jury on self-defense.

It is the contention of the appellant that this evidence tended to show that the deceased was the aggressor, as is stated in the appellant's confession.

The state relies on the case of West v. State, 154 Tex.Cr.R. 502, 229 S.W.2d 623. In that case, the appellant had sought to introduce evidence of the violent character of the deceased in order to support his contention of self-defense. There was no showing that at the time of the shooting the deceased was manifesting an intention to inflict violence on the appellant. This Court held that under those circumstances, testimony that the deceased had a reputation for a violent character in Bandera, Texas, was admissible, because the appellant was familiar with the deceased's reputation there. That reputation of the deceased in Houston, with which the appellant was not familiar, was properly excluded.

This same rule was followed in Dempsey v. State, 159 Tex.Cr.R. 602, 266 S.W.2d 875. Judge Woodley wrote that before "any evidence of deceased's character for violence becomes admissible, however, there must be evidence of some act of aggression by the deceased which the character tends to explain (such as drawing a gun or reaching for a pocket where one is usually carried)."

Judge Woodley goes on to enumerate two distinct instances where specific acts of violence or misconduct which show the violent character of the deceased may be admitted. The two instances are:

(1) To prove the reasonableness of the defendant's claim of apprehension of danger. Because, as in West, the purpose of this evidence is to show the state of mind of the accused, it must appear "that the acts of violence or misconduct were known to the defendant at the time of the homicide."

(2) To prove that the deceased was the aggressor. (Not that the defendant thought the deceased was making or about to make an attack.) Because the key issue here is the state of mind of the deceased, "the witness must know but it need not be shown that appellant had knowledge of the acts of violence of the deceased at the time of the homicide."

For this rule to apply, there must be evidence before the jury of an act of the deceased which could be explained by the character of the deceased.

Applied to the facts of this case, the question is: Did the appellant's statement, in her confession, that the deceased hit her first, constitute evidence of an act of aggression which could be explained by the character of the deceased? To put it another way, was the deceased, at the time of the homicide, shown to be manifesting an intention to inflict violence on the appellant?

The statement that the deceased hit the appellant first, plus the evidence that they were quarrelling at the time, show sufficient violence on the part of the deceased to make the second rule applicable. The appellant was entitled to introduce the evidence to show that the deceased was the aggressor. The court's failure to admit this testimony was prejudicial to the appellant and constitutes reversible error.

The appellant urges three additional grounds of error. The matters complained of will probably not occur in the event of a retrial and will not be discussed.

The judgment is reversed and the cause remanded.