**Harold DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47000.**

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

Rehearing Denied April 3, 1974.

B. D. Moye and Bird Old, Jr., Mt. Pleasant, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DICE, Commissioner.

The conviction is for murder under the 1925 Revised Penal Code of the State of Texas; the punishment, life imprisonment.

We reverse the conviction because of certain jury argument made by State's counsel of which appellant complains in his first ground of error.

It was undisputed that the deceased was killed by a shot fired from a shotgun in the hands of appellant. The killing occurred at the deceased's place of business on an occasion according to appellant's testimony when he had gone to the place to collect a debt from the deceased. Appellant swore that he took the loaded shotgun with him, cocked and ready to fire, because he knew the deceased was a violent man, and that as he was holding the gun on the deceased awaiting payment of the money, a woman grabbed the gun, forcing his finger against the trigger and causing the gun to fire. Appellant swore that he did not intend to kill the deceased and stated in substance that he did not fire the fatal shot but that the woman caused the gun to fire.

The court in his charge instructed the jury on the law of accident as follows:

"You are instructed that no act done by accident is an offense against the law. Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, at the time and place set out in the indictment shot the deceased with a gun and killed him; but, you further believe from the evidence, or have a reasonable doubt that the shooting was by the accidental discharge of a shotgun in the hands of the defendant, then you will find the defendant not guilty."

In his closing argument to the jury, State's counsel in discussing the issue of accident stated and the following transpired:

"Now, let's talk for a moment about whether or not it could be an accident. Now, accident, under this, under our law, when we are talking about accident what we mean is a person engaged in some sort of a lawful activity like cleaning a gun—

"MR. MOYE: We object, your Honor; that is not in the Charge.

"MR. OLD: It is not evidence.

"THE COURT: Overruled.

"MR. MOYE: Note our exception.

"MR. WHALEY: An accident results, when a person is doing what people normally do, but accidentally a gun is discharged or accidentally someone is hurt. Now, *what* this man engaged, was this man engaged in a lawful act at the time he went into that bar? Now, you know by the evidence before you that he was not.

"MR. MOYE: Your Honor, I don't think there is anything in this Charge talking about him being engaged in a lawful act at the time, that is not in the Charge and he is midleading (sic) the jury."

"MR. OLD: And we further object to it because carrying a shotgun in any place at any time in this state is lawful, and he well knows it.

"THE COURT: Overruled.

"MR. MOYE: Note our exception."

*    *    *    *

"MR. WHALEY: All right, you heard this defendant testify that at the time this killing took place he was on federal probation for violation of the Federal Firearms Act, and that what he was on probation for was possession of firearms after he had been convicted of a felony.

"MR. OLD: Your Honor, we object to that because that is not true. This man testified that he made an affidavit at White's Auto Store that he had never been convicted of felony and that is what he was convicted for.

"THE COURT: Overruled.

"MR. OLD: Note our exception.

"MR. WHALEY: And you heard the defendant further testify that not because of the killing, not because of the killing but because he had this gun here in his possession that night, that probation was revoked by the federal court, up in Judge Taylor's court up the street.

"Now, I will ask you if he was engaged, if he was not engaged in an unlawful act at the time he went into that bar? Could his probation have been revoked by a federal court, he was engaged in an unlawful act, merely possessing that gun.

"MR. MOYE: Your Honor, I will object, and have my objection run to all of his statements about this being an unlawful act. If it is an unlawful act it is not an act of the killing, this is not in that Charge, this is not the law, and he is misleading this jury as to the law and we strenuously object to it, Your Honor.

"THE COURT: Overruled.

"MR. MOYE: And ask the jury be instructed to disregard it.

"THE COURT: Overrule you.

"MR. MOYE: Note our exception.

"MR. WHALEY: If that weren't enough, by his own testimony and his own actions, he went in there and said, 'I am going to get that $15,' and he took that gun with him in there and he pointed that at Andrew J. Petty, and he was engaged then, any way you want to class it, in an act of armed robbery with violence.

"MR. OLD: Your Honor, we object to that; this man is not under indictment for armed robbery. Such a statement from the District Attorney is intended to prejudice and further inflame the minds of the jury against the defendant.

"It is not true, and the Court doesn't charge on that and he is not charged by indictment with that offense, and we ask that be withdrawn from the jury and they be instructed not to consider it for any purpose.

"THE COURT: Overruled.

"MR. OLD: Note our exception.

"MR. WHALEY: I will ask you to ask yourselves what you would think if you were in that bar, or in a bar-cafe and someone comes in and points that gun at your and says, 'I want the money? I came for it.' If that isn't evidence of intended or attempted armed robbery I wouldn't know how you could possibly find it.

"So, I submit to you, he is engaged in at least two unlawful things when he walks in there with that gun right to start with. This would be—to say this is an accident would be like saying the bank robber went in to rob the teller and he said, 'Give me the money', and a bank guard or someone hit his arm and he shot and killed the teller, and he said, 'I didn't intend to kill her; I only intended to rob the bank.' And it is not murder. That is just hog-wash pure and simple, and I am sure you will recognize that."

█ It is apparent from the argument complained of that State's counsel was permitted to tell the jury over appellant's objection that for appellant to be accorded the defense of accident he must have been engaged in a lawful act at the time of the shooting and that if he was engaged in an unlawful act his defense of accident would be forfeited.

Such was not the court's instruction and is not the law. See West v. State, 154 Tex.Cr.R. 502, 229 S.W.2d 623.

█ The argument was, in fact, a statement of law contrary to the court's charge which is recognized as error under the rule stated in Singleton v. State, Tex.Cr.App., 479 S.W.2d 672, and Daywood v. State, 157 Tex.Cr.R. 266, 248 S.W.2d 479.

Such argument was clearly error and prejudicial and calls for a reversal of the conviction.

The judgment is reversed and the cause remanded.

MORRISON, J., dissents.

Opinion approved by the Court.