**Willie Gene TUTT, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–032–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 27, 1982.

Allan K. Butcher, J. Don Carter, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and William Kane, Asst. Dist. Atty., Fort Worth, for State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of murder. The jury assessed punishment at thirty years confinement in the Texas Department of Corrections.

We reverse and remand the judgment of the trial court.

The homicide in question occurred at John's Recreation Center, a gambling shack, located in Fort Worth. On the night of the killing the appellant went to John's to make inquiry about leasing the building. After the owner declined his business proposition, the appellant joined in a dice game. Marvin Jefferson, the deceased, was a spectator at the game. Jefferson, 22 or 23 years of age, began verbally abusing the 40 year old appellant and continued to do so until the appellant left the premises. The appellant returned to the establishment a short time later and the deceased renewed his harassment. Finally, the verbal exchange between the deceased and appellant turned into physical violence, which culminated with the appellant shooting the deceased.

Specifically, the evidence shows that prior to the shooting, the deceased was under the influence of drugs and/or alcohol; that he had threatened to "whip (appellant's) ass"; that he called the appellant a "mother fucker" and an "old nigger"; that he called the appellant's wife a "whore"; and finally that the deceased stated that he would "stomp the god-damn hell" out of the appellant at which time, according to the appellant, the deceased kicked appellant's leg. Following the kick (according to appellant), the appellant slapped the deceased who then knocked the appellant up against a brick wall. Thereafter, the fatal shots were fired.

The appellant claimed self-defense at trial. Evidence adduced at trial showed unequivocally that the deceased was the agitator throughout the evening. However, the evidence was in dispute as to who the aggressor was in the struggle that resulted in Jefferson's death. A showing that the deceased was the aggressor in the physical confrontation was essential to the appellant's claim of self-defense. At trial the appellant called Mack Arthur Briscoe, the owner of John's Recreation Center, to testi-

fy as to specific acts of violence he had witnessed the deceased commit. The trial court excluded this proffered testimony and a bill of exceptions was made.

By his first point of error, the appellant argues that it was reversible error for the trial court to exclude Briscoe's testimony. We agree. The rule regarding such testimony was set forth in *Dempsey v. State*, 159 Tex.Cr.R. 602, 266 S.W.2d 875, 877, 878 (1954), wherein the Court of Criminal Appeals stated:

"The defense may offer testimony as to any specific act of violence or misconduct which evidences the violent character of the deceased under the following conditions:

If offered for the purpose of showing the reasonableness of defendant's claim of apprehension of danger, it must further appear that the acts of violence or misconduct were known to the defendant at the time of the homicide.

But if offered for the purpose of showing that the deceased was in fact the aggressor (not that the defendant thought the deceased was making or about to make an attack) the witness must know but it need not be shown that appellant had knowledge of the acts of violence of the deceased at the time of the homicide.

Before any evidence of deceased's character for violence becomes admissible, however, there must be evidence of some act of aggression by the deceased which the character tends to explain (such as drawing a gun or reaching for a pocket where one is usually carried)."

Although there was no evidence of a furtive act by the deceased, such as reaching for a gun or a pocket, there was evidence that the deceased kicked, struck and rushed the appellant prior to the fatal shots being fired. This evidence of aggression is sufficient to invoke the *Dempsey* rule. The excluded testimony was offered to show that the deceased was the aggressor in the conflict. It was error for the trial court to exclude the testimony pertaining to specific violent acts of the deceased, within the

knowledge of the witness, as reflected by the bill of exceptions. Such testimony being an integral element in the appellant's claim of self-defense, its exclusion was reversible error. *Jenkins v. State*, 625 S.W.2d 324 (Tex.Cr.App.1981); *Lewis v. State*, 463 S.W.2d 186 (Tex.Cr.App.1971).

In light of our disposition of this case on appellant's initial point of error we pretermit discussion of his remaining points.

The judgment of the trial court is reversed and remanded.