11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Danny
Allen Haynes

Appellant

Vs.                   No. 11-03-00312-CR -- Appeal from Taylor County

State
of Texas

Appellee

 

Danny Allen Haynes appeals his conviction by a
jury of the offense of aggravated sexual assault.  The trial court, finding two enhancement
paragraphs true, assessed Haynes=s
punishment at 40 years in the Texas Department of Criminal Justice,
Institutional Division.  Haynes contends
in four issues (1) that the trial court erred by overruling his objection to
improper jury argument; (2) and (3) that fundamental error occurred due to the
prosecutor=s failure
to provide the defense with exculpatory, mitigating, and impeaching evidence;
and (4) that he was denied the effective assistance of counsel.  We affirm.

Haynes contends in issue one that the trial court
erred by overruling his objection to improper jury argument.  To be proper, jury argument must encompass
summation of evidence presented at trial, reasonable deductions drawn from
evidence, answers to opposing counsel=s
argument, or plea for law enforcement.  McFarland
v. State, 989 S.W.2d 749, 751 (Tex.Cr.App.1999).  If a jury argument exceeds the bounds of
proper argument, we must disregard the error unless it affected the defendant=s substantial rights.  TEX.R.APP.P. 44.2(b); Martinez v. State,
17 S.W.3d 677, 692 (Tex.Cr.App.2000); Mosley v. State, 983 S.W.2d 249,
259 (Tex.Cr.App.1998), cert. den=d,
526 U.S. 1070 (1999).  A substantial
right is affected when the error has a substantial and injurious effect or
influence on the jury=s
verdict.  King v. State, 953
S.W.2d 266, 271 (Tex.Cr.App.1997).  In
construing the impact of improper jury argument under this test, we are to
balance the following three factors: (1) severity of the misconduct
(prejudicial effect), (2) curative measures, and (3) the certainty of
conviction absent the misconduct.  Martinez
v. State, supra at 692-93.

 

 








The prosecutor argued:

The
next question, and I don=t
mean to simplify this at all for you, because your decision is going to be an
important one and a difficult one.  But
it boils down to two things.  Number one,
was there consent?  Was the act
consensual?  And if you find that it is,
you have another question to ask yourselves and another decision to make.  And that is, did the Defendant, by his acts
and words place [the complainant] in fear of serious bodily injury or death
that one of those two things might be imminently inflicted upon her at that
time?

 

Counsel for Haynes objected to the argument on the basis that it
was a misstatement of the law because the charge included Awithout consent@
as an element of each of the counts alleged in the indictment.  The trial court overruled the objection.

A person commits the offense of aggravated sexual
assault by intentionally or knowingly causing the penetration of the sexual
organ of another person by any means, without that person=s consent, and the person by acts or
words places the victim in fear that death or serious bodily injury would be
imminently inflicted on any person.  TEX.
PENAL CODE ANN. '
22.021(a)(1)(A)(i) & (a)(2)(A)(ii) (Vernon Supp.
2004 - 2005).  Inasmuch as a lack of
consent was an essential element of the offense, the prosecutor=s argument was improper to the extent
it might be construed as suggesting that the jury could convict Haynes even if
the complainant consented to his sexual act.

The complainant testified that she had known Haynes
a long time and that, because it was cold, she had allowed him to spend the
night on her couch.  She said that,
later, he got into her bed naked.  She
related that, when she asked him what he was doing, he replied:  AYou
cannot tease a man all night.@  She indicated that, when she told Haynes to
get out of her bed, he started trying to have sex and then strangled her when
she screamed.  The complainant testified
that, as she was feeling herself passing out, she made kind of a croaking sound
and shook her head yes.  She stated that
she did not plead with Haynes, deciding to just Alay
[there], get it over with@
because she wanted to live through it. 
Haynes acknowledged that he had had sex with the complainant but stated
that it was consensual sex that she had initiated.  He denied choking the complainant.








The charge to the jury required a finding that
Haynes=s
penetration of the complainant=s
sexual organ was without her consent and instructed the jury that an assault
would be without a person=s
consent if the actor compelled the other person to submit or participate by the
use of physical force or violence.  The
jury was confronted with two very different versions of the offense.  Haynes=s
version indicated that the complainant consented to have sex with him because
she wanted to have sex.  The complainant=s version indicated that the
complainant went along with having sex with Haynes because he was strangling
her and putting her in fear of death or serious bodily injury.  Under the charge to the jury, Haynes=s version would call for an acquittal,
while the complainant=s
version would call for a conviction.  The
prosecutor acknowledged this when, amending her argument after the objection,
she stated that the jury must find whether the sexual intercourse was
consensual or not and referred to the complainant=s
testimony and demeanor as indicating that it was without consent and that the
complainant was in fear of serious bodily injury or death.  Counsel for Haynes acknowledged that when he
argued that the jury would convict if it believed the complainant=s version of the facts.  The prosecutor=s
argument made no suggestion that Haynes could be convicted if the act of
intercourse was consensual and without acts and words on Haynes=s part that placed the complainant in
fear of serious bodily injury or death. 
Taken in its entirety, it indicated that, if the complainant=s testimony was true, the sexual
assault was not consensual.  When
considering the record as a whole, it was obvious that a conviction or
acquittal rested upon which version to believe, Haynes=s
consensual version or the complainant=s
version of a lack of consent due to the violence exerted by Haynes.  Although the objection was overruled and the
trial court gave no curative instruction, the prosecutor discontinued the
argument about consent and focused on the fact that the jury should believe the
complainant and that the complainant=s
testimony indi-cated that the assault was not consensual.  The jury apparently believed the complainant=s version of the facts.  Based upon the charge, if it believed the
complainant=s
testimony about the assault, it would have convicted the defendant even in the
absence of the prosecutor=s
error. Considering these factors in light of the full record, we conclude that
the prosecutor=s
improper argument did not have a substantial and injurious effect or influence
in determining the jury=s
verdict and, therefore, did not affect Haynes=s
substantial rights.  








In urging that the error requires a new trial,
Haynes relies upon the cases of Davis v. State, 506 S.W.2d 909, 911
(Tex.Cr.App.1974), and Cook v. State, 540 S.W.2d 708, 710 (Tex.Cr.App. 1976). 
We find both of these cases to be distinguishable.  In Davis, the prosecutor made several
statements contrary to the law clearly indicating that the defendant was not
entitled to the defense of accident in a prosecution for murder if, at the
time, the defendant was engaged in an unlawful act.  Davis v. State, supra at 911.  The court found the error to be
prejudicial.  Id.  In this case, as we have stated, any error in
the jury argument was not prejudicial because, when the record as a whole is
considered, it was clear that conviction or acquittal depended upon whether the
jury believed the complainant=s
version of the facts or that of Haynes. 
In Cook, the court found that a prosecutor=s
continued suggestion that Roger Cook (the defendant=s
brother) had nothing to lose in admitting that he possessed the heroin, which
was found in defendant Harry Cook=s
car underneath the driver=s
seat where Roger was sitting, because he could not receive a higher sentence on
retrial of his case than he had already received was incorrect.  Cook v. State, supra at 710.  The court, noting the State=s persistence in making this argument
and other questionable arguments, concluded that the erroneous argument could
not be considered harmless.  Id. at
710-11.  As previously noted, the
prosecutor in the case at bar did not make an argument that Haynes could be
convicted even if his intercourse with the complainant was consensual and
unaccompanied by acts or words on his part placing her in fear that death or
serious bodily injury would be immediately inflicted.  Also, considering the record as a whole, we
have found that the argument did not have a substantial and injurious effect or
influence on the jury=s
verdict.  We overrule issue one.

Haynes asserts in issue two that fundamental error
occurred when the State failed to provide him with a police report in its
possession showing that the complainant was possibly intoxicated at the time of
the offense and that this failure was in violation of Brady v. Maryland,
373 U.S. 83 (1963).  To find reversible
error under Brady, a defendant must show that (1) the State failed to
disclose evidence, regardless of the prosecution=s
good or bad faith; (2) the withheld evidence is favorable to him; (3) the
evidence is material, that is, there is a reasonable probability that, had the
evidence been disclosed, the outcome of the trial would have been
different.  Hampton v. State, 86
S.W.3d 603, 612 (Tex.Cr.App.2002).  In
the case at bar, the record reflects that Haynes was provided the report during
trial and utilized it in cross-examining the police officer who made the
report.  Consequently, as to this
evidence, the issue is not a failure to disclose but a failure to timely
disclose.  When the issue is the failure
to timely disclose, the defendant must show that, had the State disclosed the
evidence earlier, there is a reasonable probability that the outcome of the
proceeding would have been different.  Id.
at 613.  That being the case, there
is no Brady violation where the evidence is turned over in time for the
defense to put it to effective use.  Little
v. State, 991 S.W.2d 864, 868 (Tex.Cr.App.1999).








As noted earlier, Haynes utilized the report in
cross-examining the officer who wrote it. 
The complainant testified prior to the police officer, but she was
subject to recall had Haynes wished to cross-examine her concerning the
report.  We conclude that the document
was turned over in time for the defense to put it to effective use; therefore, there
is no Brady violation.  We also note
that Haynes waived any Brady violation by failing to ask for a
continuance.  Payne v. State, 516
S.W.2d 675, 677 (Tex.Cr.App.1974); Yates v. State, 941 S.W.2d 357, 364 (Tex.App. - Waco 1997, pet=n
ref=d). 
We overrule issue two.

Haynes urges in issue three that fundamental error
occurred when the State failed to provide him with records showing the
complainant=s
criminal history and that this failure was in violation of Brady.  The record reflects that counsel was informed
of the complainant=s prior
convictions the morning of trial.  He did
not request a continuance.  We conclude
that this information was turned over in time for the defense to put it to
effective use; consequently, there is no Brady violation.  As previously noted, Haynes waived any Brady
violation by not requesting a continuance. 
While Haynes speculates contrary to the record that the complainant=s record was not disclosed the  morning of trial, his counsel said at the
hearing on his motion for new trial with respect to the prosecutor=s statement that she had disclosed the
complainant=s prior
felony DWI conviction the morning of trial: 
AI assume
she did.  I have the Motion in Limine in my file. [The State had filed a motion in limine respecting any and all information regarding the
complainant=s
criminal history.] So I don=t
question that something got said at the time she said it.@ 
We overrule issue three.

Haynes argues in issue four that he was denied the
effective assistance of counsel when his counsel did not move for a continuance
after receiving the material referred to in issues two and three.  We apply a two-pronged test to
ineffective-assistance-of-counsel claims. 
Wiggins v. Smith, 539 U.S. 510, 521 (2003); Strickland v.
Washington, 466 U.S. 668, 687 (1984); Thompson v. State, 9 S.W.3d
808, 812 (Tex.Cr.App.1999).  First,
appellant must show that his counsel=s
performance was deficient; second, appellant must show that the deficient
performance prejudiced the defense.  Wiggins
v. Smith, supra at 521; Strickland v. Washington, supra at 687.  








In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the
particular circumstances of each case.  Thompson
v. State, supra at 813.  A defendant
must demonstrate that counsel=s
representation fell below an objective standard of reasonableness and the
prevailing professional norms at the time of the alleged error.  Wiggins v. Smith, supra at 521; Strickland
v. Washington, supra at 688-89.  A[C]ounsel is
strongly presumed to have rendered adequate assistance and made all significant
decisions in the exercise of reasonable professional judgment.@ 
Strickland v. Washington, supra at 690.  An allegation of ineffective assistance must
be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness.  Thompson
v. State, supra at 814.  Our scrutiny
of counsel=s
performance must be highly deferential, and every effort must be made to
eliminate the distorting effects of hindsight. 
Strickland v. Washington, supra at 689.

The second prong of Strickland requires a
showing that counsel=s
errors were so serious that they deprived the defendant of a fair trial, i.e.,
a trial whose result is reliable.  Id.
at 687.  In other words, appellant must
show there is a reasonable probability that, but for counsel=s unprofessional errors, the result of
the proceeding would have been different. 
Id. at 694.  A reasonable
probability is a probability sufficient to undermine confidence in the
outcome.  Id.  The ultimate focus of our inquiry must be on
the fundamental fairness of the proceeding being challenged.  Id. at 697.

Under normal circumstances, the record on direct
appeal will not be sufficient to show that counsel=s
representation was so deficient and so lacking in tactical or strategic
decision-making as to overcome the presumption that counsel=s conduct was reasonable and
professional.  Bone v. State, 77
S.W.3d 828, 833 (Tex.Cr.App.2002). 
Rarely will the record from trial contain sufficient information to
permit a reviewing court to fairly evaluate the merits of such a serious
allegation.  Id.  A defendant=s
counsel should ordinarily be accorded an opportunity to explain his or her actions
before being condemned as unprofessional and incompetent.  Id. at 836.

Nothing in the record contains the reasons why
counsel chose not to pursue a motion for continuance.  We, therefore, do not have sufficient
information to enable us to fairly evaluate the merits of Haynes=s claim of ineffective assistance.  We overrule issue four.

The judgment is affirmed.

 

PER CURIAM

 

November 4, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, J., and 

McCall,
J., and Hill, S.J.[1]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.