

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00349-CR

**ROY RYAN RIOJAS,**

                                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                              **Appellee**

_____

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. F41227

## MEMORANDUM  OPINION

Appellant Roy Ryan Riojas pleaded guilty to possession of marijuana in an amount of five pounds or less but more than four ounces.  He elected to have the jury assess his punishment and was sentenced to one year's imprisonment and a $5,000 fine.  A judgment was signed and entered accordingly, and Riojas appeals this judgment.  In his sole point, Riojas contends that the trial court erred in overruling his objection to the State's improper jury argument.  We will affirm.

Jury argument is limited to: (1) summations of the evidence; (2) reasonable

deductions from the evidence; (3) answers to argument of opposing counsel; and (4) a plea for law enforcement. *Guidry v. State,* 9 S.W.3d 133, 154 (Tex. Crim. App. 1999).

Riojas complains of the following jury argument:

> You know, we've got that range of punishment that we talked about yesterday. Remember we talked about it and the Judge has repeated it for you several times in the Court's charge. Not more than two years or less than 180 days, which is six months. Right? So, you've got -- what is that -- an 18-month time span to chose [sic] from in there? So, you could pick anywhere from the 180, six months, one year, 18 months, which is a year and a half, all the way up to the two years.
>
> And that's the first thing you need to do. You need to talk about that, where do we want in that range. And when you're talking about that, remember that this is also -- this offense is a range as well, isn't it? It's a range of anywhere from four ounces to five pounds. What do we have in this case? 3.66 pounds. Much closer to the high end of the range than the lower end of the range, isn't it? Maybe that's a scale you use, maybe it's not. It's something to think about. You're definitely toward the higher end of the range of the offense. You're much closer to the five pounds than you are to four ounces. You're over that mandatory probation break of one pound for sure. So, maybe that's one way to help you look at it and decide. Do I get closer to this high end of the punishment range? Because we certainly are closer to the high end of the crime. That's the first thing you do. You decide where on that scale you want to be in this case given the facts of the case, given the facts you've heard about the Defendant, all that you consider.

Defense counsel objected as follows:

> Your Honor, excuse me. I have to respectfully object to the line of argument. I would submit that it tries to defy all the Court's instructions about any lot, chance or system of averages in which to judge this case on in assessing punishment and we would object on those grounds, which is found on page 3 of the Court's instructions.

The relevant instruction states:

> Under the instructions herein given, it will not be proper for you, in determining the penalty to be assessed, to fix the same by lot, chance, any system of averages, or any other method than by a full, fair and free

exercise of the opinion of the individual jurors, under the evidence submitted to you.

The trial court overruled the objection.

Riojas complains generally that the State suggested to the members of the jury that they should decide Riojas's punishment contrary to the instructions contained in the charge. *See Davis v. State*, 506 S.W.2d 909, 911 (Tex. Crim. App. 1974) (statement of law made during jury argument that was contrary to the court's charge was error). We disagree. The Legislature has determined that the range of punishment for the offense of possession of marijuana depends on the amount of marijuana possessed by an accused. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon 2003). Accordingly, the State suggested that the jury consider the amount of marijuana possessed by Riojas in determining his punishment *within* the range of punishment for the offense to which he pleaded guilty. The State did not suggest that the jury determine Riojas's punishment by lot, chance or a system of averages. Riojas has cited no authority supporting a conclusion otherwise. We thus overrule Riojas's sole point and affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed July 1, 2009
Publish
[CR25]