IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00349-CR

 

Roy Ryan Riojas,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 18th District
Court

Johnson County, Texas

Trial Court No. F41227

 



MEMORANDUM  Opinion



 

Appellant Roy Ryan Riojas pleaded guilty
to possession of marijuana in an amount of five pounds or less but more than
four ounces.  He elected to have the jury assess his punishment and was
sentenced to one year’s imprisonment and a $5,000 fine.  A judgment was signed
and entered accordingly, and Riojas appeals this judgment.  In his sole point,
Riojas contends that the trial court erred in overruling his objection to the
State’s improper jury argument.  We will affirm.

Jury argument is limited to: (1)
summations of the evidence; (2) reasonable deductions from the evidence; (3)
answers to argument of opposing counsel; and (4) a plea for law enforcement.  Guidry
v. State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999).

Riojas complains of the following jury
argument:

You know, we’ve got that range of punishment
that we talked about yesterday.  Remember we talked about it and the Judge has
repeated it for you several times in the Court’s charge.  Not more than two
years or less than 180 days, which is six months.  Right?  So, you’ve got --
what is that -- an 18-month time span to chose [sic] from in there?  So, you
could pick anywhere from the 180, six months, one year, 18 months, which is a
year and a half, all the way up to the two years.

 

            And that’s the first thing
you need to do.  You need to talk about that, where do we want in that range. 
And when you’re talking about that, remember that this is also -- this offense
is a range as well, isn’t it?  It’s a range of anywhere from four ounces to
five pounds.  What do we have in this case?  3.66 pounds.  Much closer to the
high end of the range than the lower end of the range, isn’t it?  Maybe that’s
a scale you use, maybe it’s not.  It’s something to think about.  You’re
definitely toward the higher end of the range of the offense.  You’re much
closer to the five pounds than you are to four ounces.  You’re over that
mandatory probation break of one pound for sure.  So, maybe that’s one way to
help you look at it and decide.  Do I get closer to this high end of the
punishment range?  Because we certainly are closer to the high end of the
crime.  That’s the first thing you do.  You decide where on that scale you want
to be in this case given the facts of the case, given the facts you’ve heard
about the Defendant, all that you consider.

 

Defense counsel objected as follows:

 

Your Honor, excuse me.  I have to
respectfully object to the line of argument.  I would submit that it tries to
defy all the Court’s instructions about any lot, chance or system of averages
in which to judge this case on in assessing punishment and we would object on
those grounds, which is found on page 3 of the Court’s instructions.

 

The relevant instruction states:

 

Under the instructions herein given, it
will not be proper for you, in determining the penalty to be assessed, to fix
the same by lot, chance, any system of averages, or any other method than by a
full, fair and free exercise of the opinion of the individual jurors, under the
evidence submitted to you.

 

The trial court overruled the objection.

 

            Riojas complains generally
that the State suggested to the members of the jury that they should decide
Riojas’s punishment contrary to the instructions contained in the charge.  See
 Davis v. State, 506 S.W.2d 909, 911 (Tex. Crim. App. 1974) (statement of
law made during jury argument that was contrary to the court’s charge was
error).  We disagree.  The Legislature has determined that the range of
punishment for the offense of possession of marijuana depends on the amount of
marijuana possessed by an accused.  See Tex. Health & Safety Code Ann. § 481.121 (Vernon 2003).  Accordingly,
the State suggested that the jury consider the amount of marijuana possessed by
Riojas in determining his punishment within the range of punishment for the
offense to which he pleaded guilty.  The State did not suggest that the jury
determine Riojas’s punishment by lot, chance or a system of averages.  Riojas
has cited no authority supporting a conclusion otherwise.  We thus overrule Riojas’s
sole point and affirm the trial court’s judgment.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed July 1, 2009

Publish

[CR25]