**Opinion issued February 3, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00095-CR

———————————

## ROBERTO ALFREDO VENTURA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1355473**

## MEMORANDUM OPINION

A jury convicted Roberto Alfredo Ventura of murder[1] and assessed his punishment at fifty years' confinement and a $10,000 fine. In his sole point of

---

[1] *See* TEX. PENAL CODE ANN. § 19.02(b) (West 2011).

error, appellant contends that the evidence was factually insufficient to support his conviction. We affirm.

## Background

On July 24, 2012, officers responded to a dispatch call involving a shooting in North Harris County. When they arrived at the scene, they discovered the complainant, James "Chucky" Hill, lying motionless on the ground behind Primo's Food Store. Based on witnesses' identification of appellant as the shooter, DNA evidence, and the store's videotaped surveillance, appellant was subsequently arrested and charged with Hill's murder. He pleaded not guilty to the charge and the case proceeded to trial.

Travis Mitchell testified that he first saw appellant "rolling weed" outside of Primo's Food Store on the date of the shooting.[2] Mitchell later witnessed Hill approach appellant outside of Primo's and hit him, at which point appellant pulled out a gun and began shooting at Hill. Mitchell testified that Hill began running away and appellant ran after him, shooting. Terrence Brown, a resident at an adjacent apartment complex who witnessed the shooting, testified that after Hill fell, appellant stood over Hill and fired several more shots.

Dr. Sara Doyle, an assistant medical examiner who performed the autopsy on Hill, testified that Hill was shot a total of eight times, and that seven of the shots

---

[2]   Mitchell and Hill, whom Mitchell referred to as his "patna," sometimes sold drugs outside of Primo's.

were non-life-threatening but that the shot to the back of Hill's head was lethal. In particular, Dr. Doyle testified that the wound to Hill's head, if not immediately fatal, was "immediately incapacitating" so that "[i]t would make him unconscious and unable to move or walk or run." Harris County Sheriff's Deputy Jesus Ortiz, a crime scene investigator assigned to the case, testified that Hill's body was found approximately one hundred feet from the front of the store.

The trial court admitted the store's video surveillance of the incident (State's Exhibit 86) and appellant's videotaped statement to police after the shooting (State's Exhibit 102). In his statement, appellant told police that Hill had threatened him the night before the shooting, telling him that if he saw appellant outside of Primo's again that he would kill him.

At the conclusion of trial, the jury found appellant guilty of the charged offense and assessed his punishment at fifty years' confinement. Appellant timely filed this appeal.

## Discussion

In his sole point of error, appellant contends that the evidence is factually insufficient to support the jury's rejection of his claim that he acted in self-defense. The State argues that it proved all the elements of murder beyond a reasonable doubt and that a rational jury could have rejected appellant's self-defense claim.

3

## A. Standard of Review

"[T]he *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (referring to *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979)). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). Viewed in the light most favorable to the verdict, the evidence is insufficient under this standard when either: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense; or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 99 S. Ct. at 2781; *Laster,* 275 S.W.3d at 518.

The jury is the sole judge of the credibility of witnesses and the weight to give testimony, and our role on appeal is simply to ensure that the evidence reasonably supports the jury's verdict. *Montgomery v. State*, 369 S.W.3d 188, 192

4

(Tex. Crim. App. 2012). An appellate court may not re-evaluate the weight and credibility of the record evidence and thereby substitute its own judgment for that of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). In conducting a legal sufficiency review, we defer to the jury's assessment of the credibility of the witnesses and the weight to be given to their testimony. *See Brooks*, 323 S.W.3d at 899.

## B. Applicable Law

Self-defense is a defense to prosecution under Penal Code section 2.03. *See* TEX. PENAL CODE ANN. §§ 2.03, 9.02, 9.32 (West 2011). Under section 9.31(a), a person is justified in using force against another "when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." *Id.* at § 9.31(a) (West Supp. 2014). If a person would be justified in using force under section 9.31, he may use deadly force when and to the degree he reasonably believes it is immediately necessary to protect himself against the other person's use or attempted use of unlawful deadly force, but only if a reasonable person in the actor's situation would not have retreated. *Id.* at § 9.32(a).

A "reasonable belief" is defined as one that would be held by "an ordinary and prudent man in the same circumstances as the actor." TEX. PENAL CODE ANN. § 1.07(a)(42) (West Supp. 2014). "Deadly force" is force intended or known by

the actor to cause, or in the manner of its use or its intended use is capable of causing, death or serious bodily injury. *Id.* at § 9.01(3) (West 2011). "Serious bodily injury" is an injury that creates a "substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* at § 1.07(a)(46) (West Supp. 2014).

A defendant bears the burden to produce some evidence supporting a claim of self-defense. *Cleveland v. State*, 177 S.W.3d 374, 380 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (citing *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003)). Once the defendant produces some evidence raising the issue of self-defense, the State then bears the burden of persuasion to disprove the asserted defense. *See Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991); *Cleveland*, 177 S.W.3d at 380. The burden of persuasion does not require the State to produce evidence; rather, it requires that the State prove its case beyond a reasonable doubt. *Saxton*, 804 S.W.2d at 913. If the jury finds the defendant guilty, it has made an implicit finding against any defensive theory raised by the defendant. *See id.* at 914.

Because the State bears the burden of persuasion to disprove a section 2.03 defense by establishing its case beyond a reasonable doubt, we review both legal and factual sufficiency challenges to the jury's rejection of such a defense under the *Jackson v. Virginia* standard. *See Smith v. State*, 355 S.W.3d 138, 144 (Tex.

6

App.—Houston [1st Dist.] 2011, pet. ref'd) (applying standard to jury's rejection of self-defense claim); *see also Saxton*, 804 S.W.2d at 914 (distinguishing standard of review for defensive claims in which State bears burden of persuasion and affirmative defenses in which defendant bears burden of proof).

### C. Analysis

Appellant does not dispute that he shot Hill. Rather, he argues that the jury's implicit rejection of his self-defense claim is unsupported by the evidence. In support of his contention, appellant relies on (1) the store's video surveillance showing that Hill was the first aggressor and (2) appellant's statement to the police that Hill had threatened appellant the day before the shooting, telling him that he would kill appellant if he saw him at Primo's again.

At trial, the jury saw the store's video surveillance showing appellant standing outside of the store when Hill, Mitchell, and a third unidentified man walked by. Hill then approached appellant and hit him, and appellant pulled out a gun and started shooting. Appellant argues that this evidence supports his claim that he acted in self-defense because he reasonably believed that it was immediately necessary to use deadly force to protect himself against Hill. We disagree.

A review of the video shows that after appellant pulled out a gun and began shooting, Hill ran away and appellant chased him. The jury heard testimony that

7

appellant continued shooting and that, after Hill fell, appellant stood over him and shot him several more times. The jury also heard evidence that Hill was shot a total of eight times, and that the wound to the back of Hill's head, if not immediately fatal, was "immediately incapacitating" so that "[i]t would make him unconscious and unable to move or walk or run." Given this testimony, and in light of the fact that Hill's body was found one hundred feet away from the front of the store where he had begun running, the jury could have reasonably concluded that appellant's conduct in chasing and shooting at Hill after he had begun to run away, was inconsistent with his defensive claim. *See Cleveland*, 177 S.W.3d at 387 (finding that jury could have reasonably concluded that defendant's conduct in continuing to stab his wife's back as she lay bleeding on floor was inconsistent with his claim of self-defense).

In support of his self-defense claim, appellant also relies on his statement to police after the shooting that Hill had threatened him the previous day and told him that he would kill appellant if he saw him outside of Primo's again. As appellant correctly notes, when a defendant claims that the deceased was the first aggressor, prior threats or specific acts of violence relevant to the ultimate confrontation may be offered to show a deceased's state of mind, intent, or motive. *See Torres v. State*, 71 S.W.3d 758, 761–62 (Tex. Crim. App. 2002) (holding defendant in murder prosecution was entitled to introduce evidence that victim had previously

made threats against defendant's friend's aunt and her children, in order to establish that victim was first aggressor as evidence was probative of victim's state of mind, intent, and motive); *see also Tate v. State*, 981 S.W.2d 189, 193 (Tex. Crim. App. 1998) (holding that evidence of threat made by decedent one or two months before his death was admissible when offered by defendant who was charged with murder and asserted self-defense, because threat was probative of decedent's state of mind to possibly harm defendant on date of offense); *Lewis v. State*, 463 S.W.2d 186, 188 (Tex. Crim. App. 1971) (evidence that deceased often carried knife and got in barroom brawls, along with threat against defendant, was admissible).

The jury's decision to reject appellant's defensive claim, however, ultimately hinges on the credibility of the witnesses. "As factfinder, the jury is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties." *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). The statements of a defendant do not conclusively prove a claim of self-defense. *See Smith*, 355 S.W.3d at 146 (concluding jury could have reasonably concluded that defendant's conduct in chasing decedent and attempting to stab him second time was inconsistent with his defensive claims); *Denman v. State*, 193 S.W.3d 129, 132–33 (Tex. App.— Houston [1st Dist.] 2006, pet. ref'd) (finding evidence sufficient to support

9

conviction for aggravated assault under *Jackson v. Virginia* standard despite defendant's claim of self-defense, which was based on testimony of defendant and other witnesses who stated that complainant had assaulted or threatened defendant on prior occasions); *see also Sells v. State*, 121 S.W.3d 748, 754 (Tex. Crim. App. 2003) (holding that only evidence weighing against jury finding that defendant entered home with no specific intent to commit sexual assault was defendant's own statement, and this was not enough to render evidence insufficient). Here, appellant's evidence supporting his self-defense claim, in light of the video surveillance and witnesses' testimony presented at trial, does not render the evidence in this case insufficient to support the jury's verdict. *See Smith*, 355 S.W.3d at 146; *Chambers*, 805 S.W.2d at 461; *see also Denman*, 193 S.W.3d at 132–33.

We conclude that the jury rationally could have found that each element of the charged offense was proven beyond a reasonable doubt, and rationally could have rejected appellant's claim of self-defense. *See Jackson*, 443 U.S. at 319, 99 S. Ct. 2781; *see also Zuliani*, 97 S.W.3d at 594. Accordingly, we hold that the evidence was sufficient to support appellant's conviction for Hill's murder.[3] We overrule appellant's sole point of error.

---

[3] Citing to Code of Criminal Procedure article 44.29(b), appellant requests in the alternative that his sentence be reversed and a new trial ordered on the matter of punishment only. *See* TEX. CRIM. PROC. CODE ANN. art. 44.29(b) (West 2013)

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Jennings, Massengale, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).

---

(providing that if appellate court finds that there was reversible error committed at punishment stage of trial [except for convictions under Penal Code section 19.03], defendant is entitled to new trial on punishment only). However, appellant has presented no argument in support of such a request, nor cited to authorities or the record.  As such, appellant has waived this issue for appellate review. *See* TEX. R. APP. P. 38.1(i).